THE PEOPLE, *ex rel.* The Society for the Reformation of Juvenile Delinquents in the City of New York, *vs.* FRANCIS DEGNEN.

A commitment of a juvenile offender to the House of Refuge, in the city of New York, need not specify the period of imprisonment. The law fixes that, by directing that persons committed to the House of Refuge shall be detained in its custody as follows : males until their majority, and females until the age of eighteen years.

Hence a commitment sending to the House of Refuge, "to be dealt with according to law," a person under sixteen years of age, who has been convicted of a misdemeanor, is right and proper.

CERTIORARI to review an order made by Justice Barbour, of the Superior Court of the city of New

York, discharging the respondent, Francis Degnen, from the custody of the managers of the House of Refuge on Randall's Island. The order was made on the return to a writ of *habeas corpus* previously issued by the said justice, and directed to the superintendent of the House of Refuge, to inquire into the cause of the respondent's deten-tion. The return to the writ, the truth of which was admitted on the hearing, set forth that the respondent was detained by virtue of a warrant of commitment, which was made a part of the return, and from which it appeared that the respondent, on the 13th day of October, 1868, after having been duly convicted of the misdemeanor of petit larceny, by the court of special sessions of the peace for the city and county of New York, had been sent to the House of Refuge.

The judgment of the court, as set out in the commit-ment, was as follows: " That the said Francis, for the misdemeanor aforesaid, whereof he is convicted, (it appearing to the court that he is under the age of sixteen years,) be sent to the House of Refuge, there to be dealt with according to law."

Mr. Justice Barbour held, that inasmuch as the Revised Statutes prescribe, as the limit to the punishment of petit larceny, an imprisonment of six months, an imprisonment in the House of Refuge, " there to be dealt with according to law," as appeared by the commitment, was indefinite in regard to the term of imprisonment, and therefore illegal. For these reasons, the said justice, by an order recit-ing them, and dated November 21st, 1868, discharged the respondent from custody.

*Henry A. Cram,* for the relators. Since the incorpora-tion of the House of Refuse, in 1824, it has always claimed that the children sent to it by the courts were subject to be detained during their minority; this claim has been invariably acted on, and seldom disputed.

The People *v.* Degnen.

The proposition of Judge Barbour, if legal and enforced, would not only defeat the very object of the institution— the reformation of the children—but would at once empty the institution, as all the commitments to it would be void; it would, in truth, destroy the charity.

I. That the jurisdiction of the House of Refuge extends over the period of minority, and that the commitment should mention no definite term, but is sufficient when it provides that the minor shall be sent to the House of Refuge, "there to be dealt with according to law," is clearly apparent from the nature of this great charity, the object of its institution as declared in its charter, and the positive provisions of the charter. The House of Refuge is not a prison, but a reformatory institution; its charter declares its object to be "the reformation of juvenile delinquents." The delinquent escapes from the penalty of the law, avoids the penalty attaching to his crime, and is sent to a charitable institution to be reformed. This end could never be reached by a sentence of six months detention in the House of Refuge.

The following provisions of the law clearly give the power claimed, and hitherto exercised by the House of Refuge: See *Laws of* 1824, *chap.* 126, § 4, of "An act to incorporate the Society for the Reformation of Juvenile Delinquents in the City of New York," passed March 29, 1824. "4th. And be it further enacted, that the said managers shall have power, in their discretion, to receive and take into the House of Refuge, to be established by them, all such children as shall be taken up or committed as vagrants, or convicted of criminal offenses in the said city, as may in the judgment of the court of general sessions of the paace, or of the court of oyer and terminer, in and for the said city, or of the jury before whom any such offender shall be tried, or of the police magistrate, or of the commissioners of the Alms House and Bridewell of the said city, be proper objects; and the said managers

shall have power to place the said children committed
to their care, during the minority of such children, at such
employments, and to cause them to be instructed in such
branches of useful knowledge as shall be suitable to their
years and capacities; and they shall have power, in their
discretion, to bind out the said children, with their con-
sent, as apprentices or servants, during their minority, to
such persons and at such places, to learn such proper
trades and employments, as in their judgment will be
most for their reformation and amendment, and the future
benefit and advantage of such children; provided that the
charge and power of the said managers upon and over the
said children shall not extend, in the case of females,
beyond the age of eighteen years." See also the act of
April 10, 1860, (*Laws of* 1860, *ch.* 241,) "An act to amend
an act entitled an act to incorporate the Society for the
Reformation of Juvenile Delinquents in the City of New
York," passed March 9, 1824.

§ 1. The act entitled "An act to incorporate the Society
for the Reformation of Juvenile Delinquents in the City
of New York," passed March 29, 1824, is hereby amended
by adding to the fourth section thereof the following
words: The managers of the said society shall receive
into the House of Refuge established by them in the city
of New York, whenever they may have room for that pur-
pose, all such children as shall be taken up or committed
as vagrants, in any city or county in this state; and might
now, if convicted of criminal offenses, in such city or
county, be sent as directed by law, to said House of Ref-
uge, if, in the judgment of the court or magistrate by
whom they shall be convicted as vagrants, the aforesaid
children shall be deemed proper persons to be sent to
said institution. The powers and duties of the said man-
agers, in relation to the children whom they shall receive,
in virtue of this act, shall be the same in all things as now

The People *v.* Degnen.

provided by law in case of children convicted of criminal offenses and committed to the charge of said managers."

The power claimed for the House of Refuge has been recognized by the following decision of the Supreme Court, in the case of *Marks Croffskie,* rendered December 10, 1866 : LEONARD, J. "The term affixed by the magistrate is without authority, and void, when the delinquent is sent to the House of Refuge. The term is void, but it is simply surplusage. When a juvenile delinquent is sent to that institution, he is within the jurisdiction of, and subject to be dealt with by, the managers, according to their *discretion,* until he is bound out as an apprentice, discharged, or comes of age. I find nothing entitling the boy to a discharge as a legal right. His friends must apply to the discretion of the managers." In the case of the *People, ex rel. Margaret Cornell,* v. *The House of Refuge,* which was heard and decided by Recorder Hoffman, the following opinion was delivered : " The House of Refuge is a reformatory institution, not a prison. When the legislature authorized courts to send young persons convicted of crimes to this place, it was with a view to their care and custody during minority, and not with a view of confining them a certain period by way of punishment. An order of the court, therefore, sending to the House of Refuge a young person, 'to be dealt with according to law,' is right and proper."

CLERKE, P. J. It is a mistake to say that the term indicated in the conviction is indefinite, so that it gives authority to the House of Refuge to confine the prisoner for an unascertainable period. The words of the conviction itself, indeed, do not specify the precise period. But it refers with sufficient certainty to the authority given by law to this institution ; and that is, in express terms, to retain in its custody male persons until their majority, and female persons until the age of eighteen years. By

this provision the construction of every conviction is governed. Even if there was any ambiguity in the language, it should be construed liberally; for, the authority given to this institution is beneficent in its effect on the individual prisoner. and on society; and, in relation to the former, the exercise of the authority amounts to a commutation of the ordinary punishment. Strictly speaking, confinement in the House of Refuge does not partake of the degradation or physical suffering to which persons are subject, usually, in prisons. Its discipline is reformatory, with the view of saving persons, during the susceptibility of tender years, from total profligacy, and restoring them to society in a condition no longer dangerous to it.

The order of the judge should be reversed.

GEO. G. BARNARD, J. The Society for the Reformation of Juvenile Delinquents was incorporated by the legislature in 1824. Power was given to the managers of the society " to receive and take into the House of Refuge to be established by them," certain classes of delinquent children, and " to place the said children committed to their care, *during the minority of such children,* at such useful employments, and to cause them to be instructed in such branches of useful knowledge, as shall be suitable to their years and capacities." An annual report was to be made, by the managers, to the legislature, and to the corporation of the city of New York, of all the facts and particulars which tended to show the effect, whether advantageous or otherwise, of the association. The legislature also directed that the act should " be construed, in all courts and places, benignly and favorably for every humane and laudable purpose therein contained." The institution thus created was a charity, and not a prison. Its object was the reformation of children, and not their punishment. The children received 'by them for this purpose were received during their minority for boys, and not

beyond the age of eighteen years for girls. In furtherance of this charitable design of reformation, courts by which juvenile offenders were convicted of crime were empowered, instead of sentencing such person to a state prison or county jail, to order "that he be removed to, and confined in, the House of Refuge established for the reformation of juvenile delinquents in the city of New York." The sentence of the law upon the criminal is not imposed. Instead thereof he is committed to the care and custody of this charitable institution during minority, to be instructed in useful knowledge. No court can increase the term of detention, or shorten it. The act incorporating the society fixes it, once for all. The learned judge fell into an error in discharging the defendant. The order should be reversed, and the defendant remanded to the care and custody of the relators.

