## Court of Sessions—Albany County.

*November*, 1884.

## PEOPLE *v.* HARRINGTON.

### POWER TO SUSPEND SENTENCE.

Power to suspend sentence exists in superior criminal courts.

A defendant who was under sixteen at the time of his conviction, and upon whom sentence was suspended, cannot after attaining that age be sentenced upon such conviction, where the effect of such sentence, by reason of his being over sixteen, would be to inflict a punishment greater than that to which he was liable at the time of his conviction.

MOTION on the part of the people that the defendants, John Harrington and George Messer, Jr., be sentenced on a plea of guilty.

*D. Cady Herrick*, district attorney, for the people.

*Galen D. Hitt*, for the defendants.

NOTT, County Judge.—At the June term of the court in 1883, the defendants, Harrington and Messer, were indicted for the crime of burglary in the second degree, and upon their arraignment each entered a plea of guilty. After their pleas,

this court, County Judge VAN ALSTYNE presiding, suspended sentence, and each was discharged from custody.  In November, 1884, the defendants were committed to jail by one of the police justices of this city, charged with another crime.  The district-attorney, on December 5, 1884, caused the defendants to be brought into this court, and moved that each be sentenced under the plea of guilty entered at the June, 1883, term of this court.

The defendants, through their counsel, G. R. Hitt, object thereto, urging various grounds.  At the time the plea was entered, both defendants were under sixteen years of age. Harrington is still under sixteen, but Messer is now over that age.

In the case of People v. Morrisette (20 *How. Pr.* 118), the court of Oyer and Terminer refused to suspend sentence, holding that no suspension of sentence or stay is authorized, except upon a certiorari or writ of error, on application in arrest of judgment, or for a new trial ; but this ruling is contrary to the current of cases in this country, and the precise point has been recently determined in the fourth department of the Supreme Court, in People v. Graves.  Says HARDIN, J., " We regard the essential question in this case so firmly resolved against the appellant by the authorities, that we do not deem it useful to open the question for fresh investigation and adjudication." 2 *N. Y. Crim. Rep.* 227.  It is just and proper that the power to suspend sentence should exist in the superior criminal courts.  Great harm might otherwise flow to society in the destruction of the means of those charged with the administration of criminal justice to expose through this aid dangerous conspiracies against person and property.  " It would seem," says DIXON, J., " that it is stating the matter too broadly to assert that it is always the imperitive duty of a court to render judgment on a conviction of crime, unless some legal proceedings for review be interposed ; considerations of public policy may induce the court to stay its hand."  State v. Addy, 43 *N. J. Law* (14 *Vroom*) 113 ; 39 *Am. Rep.* 546.  In the case of Harrington, the clemency of this court seems to have had no salutary effect upon him.  We find him again in the custody of the law, charged with crime, and our duty is to impose

sentence on him, which is that he be confined in the House of Refuge during the pleasure of the managers. Park *v.* People, 1 *Lans.* 263. In Messer's case a different question is presented. In his case, at the time of his plea of guilty, he was one of that class of criminals recognized as juvenile delinquents, and the sentence of the court might, and probably would have been to the House of Refuge, where his mind would have been properly trained and means taken to reform and educate him, and although, but for the provisions of the Code of Civil Procedure (§ 832) he would be disqualified as a witness (People *v.* Park, 41 *N. Y.* 21), yet his right to vote at any election when arriving of age would not be taken away. *Penal Code,* § 711. He is now over the age of sixteen years, and if sentenced he must be imprisoned "in a state prison for not more than ten years, nor less than five years" (*Penal Code,* § 507), or to the Elmira Reformatory, wherefrom he may be transferred to a state prison.

A sentence now under the plea of guilty would be adding an additional penalty to that which might, and probably would have been suffered if sentenced at the time he entered his plea, viz., that of disfranchisement. It is an elementary rule that any law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed, is void (Calder *v.* Bull, 5 *Dall.* 386–390), and the rule is the same when the law is changed after conviction. Hartung *v.* People, 22 *N. Y.* 95. The humanity of our law, and the genius of our constitution requires that no severer penalty should be imposed on a criminal than that which existed when the offense was committed, or a conviction had. In State *v.* Addy, 14 *Vroom* (43 *N. J. Law Rep.*) 113 ; 39 *Amer. Rep.* 546, it was held, on a conviction of maintaining a nuisance, the court having suspended sentence on payment of costs, so long as the defendant should abate the nuisance, that a sentence of imprisonment at a subsequent time was void.

The charity of a court should not be allowed to work an injustice to a defendant. Independent of the question of disfranchisement, there is such a marked difference between the methods and prison discipline of the House of Refuge and a state prison that it is apparent, a sentence now of Messer to a

state prison would be harder and more severe than if sentenced over a year ago, when the plea was entered. Entertaining these views, the court declines to sentence Messer on his plea of guilty, and remands him into the custody of the sheriff under the later criminal charge, upon which he was committed to jail, to be proceeded against as the law directs.