67h　　523
38 Mis 245

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARK DUNTZ, Appellant, v. SARAH V. COON, Superintendent of the House of Refuge for Women, at Hudson, New York, Respondent.

*House of refuge for the punishment and reformation of women between the ages of fifteen and thirty — constitutionality of the statute creating it.*

Chapter 187 of the Laws of 1881, as amended by chapter 17 of the Laws of 1887, "An act for the establishment of a house of refuge for women," is not open to the objection that it prevents the governor of the State from exercising the constitutional power of pardon as to persons committed under it.

In the absence of an express provision in a statute interfering with the power of pardon conferred upon the governor by the Constitution, the court should not, by a forced and strained construction, hold that the statute deprives him of such prerogative.

Nor is such act repugnant to the prohibition of the fourteenth amendment to the Federal Constitution against legislation by the States denying to any persons the equal protection of the laws, in that it provides for women between the ages of fifteen and thirty, guilty of a misdemeanor, a punishment different in place and period from that prescribed by law for persons of a different age.

Appeal by the relator, Mark Duntz, from an order of the county judge of Columbia county, made on the 6th day of April, 1892, dismissing the proceeding and remanding the prisoner, one Nellie Victory, to the custody of the superintendent of the House of Refuge for Women, in a proceeding by *habeas corpus.*

*Mark Duntz,* for the appellant.

*Albert Hoysradt,* for the respondent.

Putnam, J.:

Appeal from an order of the Columbia county judge dismissing proceedings by *habeas corpus* and remanding one Nellie Victory on whose behalf the writ was obtained to the custody of Sarah V. Coon, the Superintendent of the House of Refuge for Women, at the city of Hudson.

Nellie Victory was, on the 19th day of November, 1887, brought before A. R. Bruce, a justice of Johnstown, N. Y., charged with being a common prostitute, and having been duly convicted, and said justice having determined her age to be seventeen years, committed

her to the said House of Refuge as a common prostitute by virtue of the provisions of chapter 187 of the Laws of 1881, as amended by chapter 17 of the Laws of 1887.

I think the county judge reached the correct conclusion on all the questions submitted to him and his opinion renders it unnecessary to write, except briefly, upon the question as to the constitutionality of the above-mentioned act of the legislature, which was not questioned or considered below.

In considering this question we should bear in mind the well-settled principle that "every statute is presumed to be constitutional and every intendment is in favor of its validity. When a statute is challenged as in conflict with the fundamental law, a clear and substantial conflict must be found to exist to justify its condemnation." (*Matter of N. Y. E. R. R. Co.*, 70 N. Y., 342; *People ex rel. Bolton et al.* v. *Albertson*, 55 id., 54.)

Construing the act under consideration, as required by above-cited and kindred cases, I am unable to see that its enactments are in violation of either the State or National Constitutions.

The relator claims that said statute conflicts with the Constitution of the State, because it prevents the governor from exercising the constitutional power of pardon as to persons committed to the house of refuge under its provisions. I think the position is founded on a mistaken construction of the statute and am unable to discover that it interferes or attempts to interfere with the pardoning power of the governor. It neither takes away such prerogative, expressly or impliedly. In the absence of any express provision in the law interfering with the power of pardon conferred on the governor by the Constitution we should not, by a forced and strained construction, hold that the statute deprived him of such prerogative.

The relator also claims that the act in question violates the provisions of the fourteenth amendment to the Federal Constitution, which provides that "no State shall make or enforce any law, nor deny to any persons within its jurisdiction, the equal protection of its laws;" that the said statute imposes an imprisonment of five years on a certain class of females for a misdemeanor, while the punishment for all other females, except such class, for the same offense, is imprisonment for one year, or a fine or both.

The house of refuge which the act creates is rather a reformatory

than a prison, and all females in the State of the age stated, are subject to the provisions of the law. Every woman between fifteen and thirty, guilty of a misdemeanor, is liable to the punishment provided therein. I think it within the power of the legislature to provide a punishment for children and young women at a different place and for a different period, than the imprisonment provided for persons of a different age for the same offense.

It has never been suggested that section 700 of the Penal Code, providing that persons between sixteen and thirty years of age, committing a felony, may be sent to the reformatory at Elmira, was unconstitutional; yet, under that section, a person twenty-nine years old may be sent to the reformatory, and, perhaps, be discharged within a year, while a man thirty years of age, convicted of the same crime, must go to State's prison and remain for the period of his sentence — perhaps over ten years. Under a former statute, a person under sixteen years of age, convicted of a misdemeanor, could be sent to the house of refuge in the city of New York. It was not necessary to specify in the commitment the time of their imprisonment, as male prisoners were, under the law, to be detained until their majority, and female until they reached the age of eighteen years. (See *People* v. *Degnen*, 54 Barb., 105; *Park* v. *The People*, 1 Lans., 263.)

It was never claimed that this statute was repugnant to the Federal Constitution, although, in cases of misdemeanors, the ordinary punishment was six months' imprisonment, while under the statute in question, a boy convicted of a misdemeanor was held five years or more. In cases of a felony under said statute, the detention of a person in the house of refuge would often exceed the ordinary period of imprisonment of one of mature years for the same crime in State's prison.

The statute under consideration does not violate the provisions of the Federal Constitution to which appellant calls our attention, because it applies equally to all females between the ages of fifteen and thirty convicted of a misdemeanor. As all of the age stated are subject to its provisions it does not have the effect of denying to any person the equal protection of the law. Also the house of refuge created by the act being a reformatory, not a State prison, the legislature may legally provide for the sending of young per-

sons to such an institution with a view to their reformation. The power of the legislature to prescribe different places of detention and different periods of confinement for criminals of different ages committing the same crime has been too long exercised to be now questioned.

It has been determined that the legislature may prescribe a different punishment for the same crime in different localities of the State. In *Matter of Bayard* (25 Hun, 546) it was held that, although the legislature has established a general maximum punishment throughout the State for crime it may change or increase the punishment as to particular localities. The law construed in that case provided that a person convicted of a petit larceny in the city of Cohoes should be punished by a fine not exceeding $250, or by imprisonment in the Albany Penitentiary for a term not exceeding one year or both, and said law was held not unconstitutional, although the statute applicable to other parts of the State punished petit larceny by a fine not exceeding $100, or by imprisonment not exceeding six months or both. But the statute applied to all citizens of the State who might be found guilty of petit larceny in Cohoes. (See, also, *Williams* v. *The People*, 24 N. Y., 407.)

So, I think, the legislature may prescribe a different punishment for different ages as well as different places of confinement and for the purpose of reforming as well as punishing may provide for the imprisonment of young women in the reformatory for a longer period than that prescribed by statute for older women committing the same offense in State prison.

The order should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order affirmed, with costs.