JOHN HENDERSON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield April 3, 1897.*

1. PENAL INSTITUTIONS—*the State reformatory at Pontiac is not a penitentiary.* The State reformatory at Pontiac is not a penitentiary, within the meaning of section 12 of the Reformatory act, (Laws of 1893, p. 170,) which provides against the admission to the reformatory of youthful offenders who have previously been sentenced to a penitentiary in this or another State or country.

2. SAME—*the term "State prison," used in the Reformatory act, means "penitentiary."* The term "State prison," used in section 12 of the Reformatory act, as amended in 1893, (Laws of 1893, p. 170,) means a prison of the class or grade of a penitentiary, and does not include the State reformatory at Pontiac.

3. PRACTICE—*effect of erroneous sentencing of person to penitentiary instead of to reformatory.* Where a person under twenty-one years of age has been regularly convicted of crime but erroneously sentenced to the penitentiary, directions will be given to the trial court, upon reversal on appeal, to enter a proper judgment on the verdict, and to sentence the prisoner to the reformatory.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES G. NEELEY, Judge, presiding.

OSSIAN CAMERON, for plaintiff in error:

As the plaintiff in error was between the ages of ten and twenty-one years, and as it was not shown that he had been previously sentenced to a penitentiary, and as

the offense of which he was convicted was not a capital one, it was error to sentence him to the penitentiary. Hurd's Stat. 1893, secs. 10, 12, chap. 118; sec. 444, chap. 38.

The Reformatory act, being a penal statute, is to be construed strictly, and cannot apply to things or persons not expressly brought within its terms. *People* v. *Peacock*, 98 Ill. 176; *State* v. *Bryant*, 90 Mo. 534; Sutherland on Stat. Const. sec. 208; 23 Am. & Eng. Ency. of Law, 375; Potter's Dwarris on Stat. 245, 247.

A reformatory is not a penitentiary. *Hughes* v. *Daley*, 49 Conn. 34; *People ex rel.* v. *Reformatory*, 148 Ill. 424.

The penitentiaries at Joliet and Chester are the only penitentiaries and State prisons known to the law of this State. Hurd's Stat. 1893, chap. 108.

Where there is nothing in a statute to indicate that a word is used in a peculiar or technical sense, it is to be taken in its ordinary and popular meaning. 23 Am. & Eng. Ency. of Law, 326, and cases in note 1.

E. C. AKIN, Attorney General, (T. J. SCOFIELD and M. L. NEWELL, of counsel,) for the People:

The term used in section 12 of the Reformatory act is "a penitentiary," and must be construed in its broadest sense, when taken in connection with the objects and provisions of the act creating the reformatory. Webster defines the word "penitentiary" as follows: "A place for penitence, or where penance is inflicted or offenses punished; especially, a house of correction in which offenders are confined for punishment and reformation, and compelled to labor; a work house." Bouvier defines the word as "a prison for the punishment of convicts."

The object of the law is to create an institution for the reformation of juvenile offenders, and not for habitual criminals. The purpose of this particular requirement is to aid the court in determining what offenders are proper subjects for the reformatory and what for the penitentiary.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was convicted in the Criminal Court of Cook county of the crime of burglary, and, being over the age of ten years and under the age of sixteen years, was sentenced December 3, 1892, to the Illinois State Reformatory at Pontiac for the term of five years. After his release he was again indicted, on January 4, 1895, jointly with John Bell, for the crime of robbery. Upon a trial for the latter offense he was found guilty by the jury, who by their verdict also found that he was between the ages of ten and twenty-one years and about the age of nineteen years, and that he had previously been convicted of a felony and confined in the State reformatory at Pontiac. The verdict fixed his punishment at imprisonment in the penitentiary for the term of fourteen years, and the court sentenced him, according to the verdict, for that term to the penitentiary at Joliet.

The reasons assigned why the judgment should be reversed are, that the court erred in admitting proof of the former conviction for the purpose of fixing the punishment of plaintiff in error at confinement in the penitentiary, and in giving the jury a form of verdict fixing such punishment and sentencing plaintiff in error to the penitentiary in accordance with the verdict.

It will not be necessary to consider whether the evidence of the former conviction and confinement in the reformatory, offered and admitted to fix the place of confinement under this conviction, was properly admitted or not, or whether it was sufficient to prove the fact, since we are of the opinion that such fact did not change the place of confinement provided for offenders between the ages of sixteen and twenty-one, or authorize the sentence imposed.

The statute regulating the sentence and place of confinement is section 12 of the act to establish the Illinois State Reformatory, in force July 1, 1891, as amended in

1893, as follows: "Any court in this State exercising criminal jurisdiction may sentence to the said reformatory any male criminal between the ages of sixteen and twenty-one, and not shown to have been previously sentenced to a penitentiary in this or any other State or country, upon the conviction in such court of such male person of a crime punishable under existing laws in a penitentiary. And the said board of managers shall receive and take into said reformatory all male prisoners of the class aforesaid who may be legally sentenced, on conviction, as aforesaid; and all existing laws requiring the courts of this State to sentence to the penitentiary male prisoners convicted of any criminal offense, between the ages of sixteen and twenty-one years, and not shown to have been previously sentenced to a State prison in this or any other State or country, shall be applicable to the said reformatory, so far as to enable courts to sentence the class of prisoners so last defined to said reformatory and not to a penitentiary: *And provided,* no person above the age of sixteen years, who has been convicted and adjudged guilty of a capital offense, shall be sentenced to the State reformatory." (Laws of 1893, p. 170.)

This section authorizes the court to sentence to the reformatory where a criminal between the ages of sixteen and twenty-one is not shown to have been previously sentenced to a penitentiary in this or any other State or country. The only penitentiaries in this State are the penitentiary at Joliet and the Southern Illinois Penitentiary at Chester, and the State reformatory is distinguished from them by every clause of the section, and especially by the provision that existing laws should be applicable to the reformatory so far as to enable courts to sentence prisoners to said reformatory and not to a penitentiary. The State reformatory is nowhere designated by the legislature as a penitentiary. The provision in the section quoted, that the crimes for which the court might sentence to the reformatory should be such

as were punishable under existing laws in a penitentiary, could only refer to the penitentiaries at Joliet and Chester, and it was also distinguished from them by the provision in the Reformatory act that the laws governing the penitentiaries in certain respects should be applicable to the State reformatory, and by other provisions in the law. The reformatory is different, in its object and purposes, from the penitentiaries, and it cannot be called a penitentiary. The main object and purpose of the reformatory, although confinement there is a punishment for crime, are the reformation of those who, from immature age, are presumably proper objects of efforts at reformation. (*People ex rel.* v. *Illinois State Reformatory*, 148 Ill. 413.) It also seems clear that the term "State prison," used in one part of the section, means a prison of the class or grade of a penitentiary which is specifically named, both before and after, in the section.

It follows that the finding of the jury in this case did not show that plaintiff in error had been previously sentenced to a penitentiary. The law therefore required that he should be sentenced to the reformatory. The verdict, however, was in all respects formal, and sufficient to authorize the court to pronounce a proper sentence. While the jury had no right to fix the punishment, that part of the verdict will be treated as surplusage, and the court will be directed to enter a proper judgment on the verdict. *Baxter* v. *People,* 3 Gilm. 368; *Martin* v. *Barnhardt,* 39 Ill. 9; *White* v. *People,* 81 id. 333; *Harris* v. *People,* 130 id. 457; *Wallace* v. *People,* 159 id. 446.

The judgment will be reversed and the cause will be remanded to the Criminal Court of Cook county, with leave to the State's attorney of that county to move for, and directions to the court to enter, a proper judgment upon the verdict sentencing plaintiff in error to the Illinois State Reformatory at Pontiac.

*Reversed and remanded.*