THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERMAN SMITH, Plaintiff in Error.

*Opinion filed February 23, 1912.*

1. STATUTES—*when the word "may" will be construed to mean "shall."* The word "may," used in a statute, will be construed to mean "shall" or "must" whenever the rights of the public or of third persons depend upon the performance of the duty to which such word refers.

2. CRIMINAL LAW—*purpose of the Reformatory act in providing that jury shall not fix term of imprisonment.* The purpose of the Reformatory act in providing that the jury shall not fix the term of imprisonment of offenders under twenty-one years of age was to give the minor an indeterminate sentence and not to empower the judge to fix the term.

3. SAME—*Parole law has not destroyed application of Reformatory act to minors convicted of crime of rape.* The Parole law, which excepts from its provisions the crime of rape, did not, by implication, destroy the application of the Reformatory act to male offenders under the age of twenty-one years who are convicted of the crime of rape.

4. SAME—*court has no discretion in sentencing minor offender.* The fact that an offender is in the second class created by section 9 of the Reformatory act, which embraces males between the ages of sixteen and twenty-one, does not, by reason of the use of the word "may" in such section, give the court a discretion to sentence him to the penitentiary instead of to the reformatory.

5. SAME—*male under age of twenty-one convicted of crime of rape must be sentenced to reformatory.* Under the provisions of

the Reformatory act a male person between the ages of sixteen and twenty-one who is convicted of the crime of rape must be sentenced to the reformatory for an indeterminate term.

6. SAME—*prisoner over twenty-one cannot be re-sentenced to reformatory.* Where a judgment of conviction · of the crime of rape is reversed for error in sentencing the prisoner to the penitentiary instead of to the reformatory, the cause cannot be remanded to the trial court with directions to re-sentence the prisoner to the reformatory, where the prisoner has become twenty-one years old while in the penitentiary and before the judgment is reversed. (*Henderson* v. *People,* 165 Ill. 607, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

A. L. GETTYS, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (THOMAS MARSHALL, and OTTO WADEWITZ, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The plaintiff in error, Herman Smith, was convicted of rape, in the criminal court of Cook county, in February, 1906. The prosecuting witness was a white woman about sixty years of age and the plaintiff in error a young negro. The jury returned a verdict of guilty, finding that plaintiff in error was between the ages of ten and twenty-one years and about nineteen years old, but specifying no punishment. The trial judge sentenced him to imprisonment in the penitentiary for life, where he has since been confined.

The evidence heard on the trial has not been preserved or presented here. We cannot consider the question as to whether plaintiff in error was guilty on the affidavits presented on his behalf. They are not properly in the record. The only question for our consideration is whether the trial judge, under the law, had the right to sentence a male per-

son under twenty-one years of age, convicted of rape, to the penitentiary. Counsel for the State contend that the judge did have that right. They argue that section 10 of the Reformatory act (Hurd's Stat. 1909, p. 1815,) provides that the jury, (with exceptions not here in point,) in case the defendant is between ten and twenty-one years of age, "shall not fix the punishment of the defendant;" that the Reformatory act, while it did take away from the jury the power to fix the punishment in cases of this nature, did not take away that power from the court under section 9 of division 14 of the Criminal Code; (Hurd's Stat. 1909, p. 827;) that said Reformatory act divides persons who may be sentenced under it into two classes, viz., males between ten and sixteen years of age and males between sixteen and twenty-one; that section 11 of said act provides that a boy between ten and sixteen years of age *"shall* be committed" to the reformatory, while section 9 provides that both classes *"may* be sentenced to said reformatory;" that the conclusion is therefore reasonable that the legislature intended that the court, in cases of male persons between sixteen and twenty-one, should send them to the reformatory or the penitentiary, in its discretion; that the Criminal Code (Hurd's Stat. 1909, sec. 237, p. 798,) fixes the punishment for rape at imprisonment in the penitentiary "for a term not less than one year and may extend to life." Counsel argue that the conclusion necessarily follows that it was the duty of the judge, in this case, to fix the punishment, and he could, in his discretion, fix it in the penitentiary rather than the reformatory and also fix the term of the sentence. We cannot agree with that conclusion. Section 10 of the Reformatory act provides that in all criminal cases tried by jury, where it is found by the verdict that the defendant is between ten and twenty-one years old, the jury shall not fix the punishment, unless it shall also appear that defendant has been previously sentenced to a penitentiary or that the offense is a capital one.

The Reformatory act was passed by the General Assembly to afford a means for the reformation of youthful criminals while at the same time punishment was being inflicted for the crime committed. (*People* v. *State Reformatory,* 148 Ill. 413.) The Parole law was passed for somewhat the same purpose as to adults, and while the first section of that act (Hurd's Stat. 1909, p. 835,) excepts treason, murder, rape and kidnaping from its provisions, it was surely not the intention of the legislature to destroy, by implication, the application of the Reformatory act to males between the ages of ten and twenty-one, convicted of rape. The purpose of the Reformatory act in providing that the jury should not fix the sentence of minor offenders (except in certain cases) was not in order that the judge might fix the punishment, but so that the minor offender might be given an indeterminate sentence.

The word "may" in a statute will be construed to mean "shall" or "must" whenever the rights of the public or of third persons depend upon the exercise of the power to perform the duty to which it refers. (*Pierson* v. *People,* 204 Ill. 456; *Randolph County* v. *Ralls,* 18 id. 29.) The rights of the public are clearly involved in this case. In construing the Reformatory act in *Henderson* v. *People,* 165 Ill. 607, where it was shown that the accused was then over sixteen and under twenty-one years of age, this court stated (p. 611): "The law therefore required that he should be sentenced to the reformatory." Again, in *People* v. *Mallary,* 195 Ill. 582, in considering a question very similar to the one raised by the State here, as to the meaning of the word "may" this court said (p. 595): "We are referred to the case *In re Murphy,* 62 Kan. 422, as an authority in conflict with the views we have expressed. The statute there reviewed is very similar to the one here under consideration, but as we understand the law to be in that State, the advantages of the reformatory over the penitentiary are not confined to minors and the same distinctions

do not exist between the two institutions as they do in this State, and the person convicted may by the court be sentenced directly to the penitentiary instead of the reformatory,—a thing which the courts in this State cannot do." On principle and authority, therefore, the criminal court erred in sentencing plaintiff in error to the penitentiary.

Counsel for the State further argue that if the construction that this court here gives to said statute be the proper one, then, under the reasoning of *Henderson* v. *People, supra, Neathery* v. *People,* 227 Ill. 110, and *People* v. *Coleman,* 251 id. 497, the judgment should be reversed and the cause remanded to the criminal court of Cook county, with directions to re-sentence the plaintiff in error to confinement in the State reformatory. If the plaintiff in error were now under twenty-one years of age there could be no question that under the authorities just cited this would be the proper practice. It is insisted, however, by the State, that in *Henderson* v. *People, supra,* the prisoner was over twenty-one years of age at the time the judgment was reversed by this court and the cause remanded for his re-sentence. Such fact does not appear from that decision. Furthermore, this question was not raised, considered or decided in that case. Manifestly, the legislature did not intend that any male person over twenty-one years at the time of his sentence should be sent to the State reformatory. While the precise question here under consideration has never been decided by this court, the reasoning in *People* v. *Barrett,* 202 Ill. 287, and *People* v. *Heider,* 225 id. 347, tends to uphold the contention of counsel for the plaintiff in error that under our present laws the court can not now sentence plaintiff in error, who is about twenty-five years of age, to the State reformatory.

The judgment of the criminal court will be reversed but the cause will not be remanded.        *Judgment reversed.*