(No. 18069.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES QUEEN, Plaintiff in Error.

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

CRIMINAL LAW—*clause 1 of section 3 of Parole law does not deny equal protection of law.* A defendant who, after pleading guilty, is sentenced by the court to the penitentiary under section 3 of the Parole law of 1917 cannot complain that clause 1 of said section denies equal protection of the laws to those who are sentenced to the penitentiary instead of to the reformatory, as the court has jurisdiction, under the statute and by the plea of guilty, to impose the penitentiary sentence; and the discretion given by clause 1 to impose a less severe penalty does not render the imposition of the severer penalty an arbitrary act, even though the sentence to the penitentiary renders the convict infamous while a sentence to the reformatory does not.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

LOUIS F. GREENBERG, JOHN F. TYRRELL, and JOHN F. HIGGINS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CARL A. MELIN, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the February term, 1922, of the circuit court of Henry county Charles Queen entered a plea of guilty in manner and form as charged in an indictment returned against him for robbery. His age was found to be eighteen years and he was admitted to probation, but at the June term of the court he was charged with a violation of his probation and ordered to show cause why he should not be sentenced. The order for his probation was set aside and he was sentenced to imprisonment in the State penitentiary at

Joliet until discharged in due course of law. This writ of error is sued out to reverse the judgment on the ground that the Parole law of 1917, under which the plaintiff in error was sentenced, is unconstitutional, and that clause 1 of section 3 of that law violates section 1 of the fourteenth amendment of the Federal constitution and section 29 of article 6 of the State constitution.

In the first sentence of section 3 it is provided that, except for the crimes enumerated in section 1, every person over ten years of age who should be guilty of a felony or other crime punishable by imprisonment in the penitentiary or by imprisonment either in the penitentiary or jail, and as to whom the court shall not have assessed the jail sentence, shall in all such cases, except as otherwise provided in clauses 1 to 4, inclusive, of the section, be sentenced to the penitentiary; and clause 1 provides that every male person between the ages of sixteen and twenty-six years, except in capital cases, may, in the discretion of the court, be sentenced to the reformatory instead of the penitentiary. This clause, under which the plaintiff in error was sentenced, he contends is void and denies the equal protection of the laws to those who are sentenced to the penitentiary, because it imposes a different penalty from that imposed on those who are sentenced to the reformatory and one which is more severe.

A sentence to the penitentiary renders the convict infamous while a sentence to the reformatory carries with it no such result. It is therefore a severer grade or degree of punishment than a sentence to the reformatory and involves consequences to the convict of a much more serious character, as was held in *People* v. *Mallary*, 195 Ill. 582. The statute, however, confers jurisdiction on the court to render the judgment of imprisonment in the penitentiary, and it is not a denial of the equal protection of the laws that the court imposed the higher degree of punishment. The power to impose a less severe penalty would not render the

imposition of a severer penalty an arbitrary act. Many, if not most, of the sections of the Criminal Code declaring the punishment to be inflicted for violation of their provisions do not impose arbitrary punishments which are of a fixed and unchangeable character, but permit a discretion, which the court may exercise with reference to the circumstances attending the crime and the criminal. This practice has prevailed in this State from the beginning of its existence and is in accordance with the practice which prevailed in England, where, it is said in Blackstone's Commentaries, the statute law has not often ascertained the quantity of fines nor the common law ever, it directing such an offense to be punished by fine in general without specifying the certain sum. The general nature of the punishment, whether by fine or imprisonment, was in these cases fixed, though the duration and quantity of each must frequently vary, from the aggravations, or otherwise, of the offense, the quality and condition of the parties, and from innumerable other circumstances. (4 Blackstone's Com. 378.)

In *Standard Oil Co.* v. *Missouri,* 224 U. S. 270, the plaintiff in error was ousted of its franchises and subjected to a fine of $50,000 in an original civil proceeding in *quo warranto* in the Supreme Court of Missouri, and it objected that it was deprived of the equal protection of the laws because corporations prosecuted criminally in the circuit court for the same acts in violation of the Anti-Trust statute were entitled to a trial by jury and if convicted could be ousted of their franchises, but the fine to which they could be subjected could not exceed $100 per day during the existence of the combination. It was held, however, that the plaintiff in error could not complain that it was deprived of the equal protection of the laws because in the civil proceeding in *quo warranto* it was not tried in the manner and subjected to the judgment appropriate in criminal cases.

In *Howard* v. *Fleming,* 191 U. S. 126, three persons were convicted on an indictment charging them with a conspiracy to defraud. Two were sentenced to ten years' imprisonment and the third to seven years' imprisonment only, and they were sentenced to imprisonment in the penitentiary instead of to hard labor on the public roads. It was contended on behalf of the two defendants that they were denied the equal protection of the laws; that the sentence was more severe than had ever before been inflicted in North Carolina (the State in which the prosecution occurred) and was cruel and unusual; but the contention was overruled, the court saying that doubtless there were sufficient reasons for giving to one of the conspirators a less term than the others, and at any rate there was no such inequality as would justify the setting aside of the judgment against the two. In regard to the sentence of the defendants to the penitentiary instead of to work on the public roads, the statute provided that when the judge presiding was satisfied that there was good reason to fear an attempt to release or injure any person convicted of any of the offenses for which sentences to work on the public roads might be imposed, it should be lawful for him to sentence to imprisonment in the penitentiary. There was no recital of any such reason to fear, but the court declined to hold that the omission of such recital invalidated the judgment.

The plaintiff in error in this case waived his right to a trial by jury by his plea of guilty and submitted to have the punishment to be suffered by him fixed by the court in accordance with the provisions of the statute. The sentence imposed was within the limitations of the statute, and the judgment is affirmed.                    *Judgment affirmed.*