### GREEN v. SCHILDER, Warden.
### No. 3499.

Circuit Court of Appeals, Tenth Circuit.
July 16, 1947.
Rehearing Denied Aug. 15, 1947.

Ram Morrison, of Oklahoma City, Okl., for appellant.

Haskell B. Pugh, Asst. U. S. Atty., of Anadarko, Okl. (Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

---

[3] See Chandler v. Johnston, 9 Cir., 133 F.2d 139, 142.

804

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus. The facts are not in controversy. Garnet W. Green, hereinafter referred to as petitioner, was tried by a general court-martial and found guilty of violating the 61st, 93rd, and 96th articles of war, 10 U.S.C.A. §§ 1533, 1565, 1568. The sentence fixed was ten years at hard labor at such place as the reviewing authority might direct, and dishonorable discharge from the army. The reviewing authority approved the sentence of ten years, fixed the United States Disciplinary Barracks at Fort Leavenworth, Kansas, as the place of confinement, and ordered suspended the provision for the dishonorable discharge until after the release of petitioner from confinement. The sentence became final; and on April 17, 1944, petitioner was committed to the Disciplinary Barracks at Fort Leavenworth. On October 22, 1946, the Secretary of War executed the dishonorable discharge. Negotiations between the Secretary of War and the Attorney General of the United States resulted in an agreement that certain military prisoners might be transferred to federal reformatories and correctional institutions for the service of their sentences. Pursuant to that agreement, petitioner was on October 29, 1946, transferred to the federal reformatory at El Reno, Oklahoma; and he is confined there for service of the sentence. Petitioner sought a writ of habeas corpus for his release from further confinement in the reformatory. Treating the application as insufficient in law, the writ was denied; and the proceeding is here to review that action.

■ The first contention urged by petitioner is that his confinement in the reformatory contravenes the 42nd article of war, 10 U.S.C.A. § 1513. In presently material part, the article provides that "persons sentenced to dishonorable discharge and to confinement not in a penitentiary shall be confined in the United States Disciplinary Barracks or elsewhere as the Secretary of War or the reviewing authority may direct, but not in a penitentiary." The section concerns itself with persons sentenced to dishonorable discharge and to confinement not in a penitentiary. It commands that they shall be confined in disciplinary barracks of the United States or elsewhere as the Secretary of War or other reviewing authority may direct. And it forbids their confinement in a penitentiary. But that is the extent of the inhibition. It goes no further. And the Secretary of War or other reviewing authority is free under the article to fix other institutions as the place of confinement.

■ There is a well-understood distinction between an ordinary penitentiary for the imprisonment of persons convicted of serious crimes and a reformatory or other like correctional institution for the detention of offenders of immature age or others convicted of less serious crimes. And that distinction has received judicial recognition. Ex parte Liddell, 93 Cal. 633, 29 P. 251; Ex parte Nichols, 110 Cal. 651, 43 P. 9; People v. Superintendent Illinois State Reformatory, 148 Ill. 413, 36 N.E. 76, 23 L.R.A. 139; Henderson v. People, 165 Ill. 607, 46 N.E. 711; People v. Mallary, 195 Ill. 582, 63 N.E. 508, 88 Am.St.Rep. 212; People v. Smith, 253 Ill. 283, 97 N.E. 649; People v. Callicott, 322 Ill. 390, 153 N.E. 688; People v. Queen, 326 Ill. 492, 158 N. E. 148; State v. Phillips, 73 Minn. 77, 75 N.W. 1029; State v. Cagle, 111 S.C. 548, 96 S.E. 291; People v. Coon, 67 Hun. 523, 22 N.Y.S. 865. The reformatory at El Reno, Oklahoma, is a penal institution. But it is essentially correctional in nature, designed and operated especially for the detention, reformation, and rehabilitation of mild offenders and others indicating capacity for reform and rehabilitation. It differs substantially from an ordinary penitentiary for the imprisonment of persons convicted of serious crimes. It is not a penitentiary within the intent and meaning of the 42nd article of war.

■ The other contention advanced by petitioner is that he occupies the same status in the reformatory as any civilian prisoner; that his chances for commutation and reactivation into the service would be less severe if he were confined in the disciplinary barracks; and that therefore his confinement in the reformatory results

in a more severe penalty than his original sentence. By Manual Bulletin No. 219 of the Bureau of Prisons, Department of Justice, all federal penal and correctional institutions are directed to accept the sentences of prisoners transferred from military installations, as computed by officials of such military installations, and to allow good time at the military rate. The bulletin further provides that the objective is to follow the same policies on sentence construction, good time allowance, forfeiture, and restorations, as the War Department follows in the case of prisoners who remain in military installations. And it further provides that the intent is to protect against any increase in punishment for military prisoners sentenced to confinement in military installations. The bulletin makes it clear that the transfer of petitioner to the reformatory and his present confinement there does not result in any increase in penalty for his violations of the articles of war.

The order denying the petition for the writ is affirmed.