STATE OF MINNESOTA ex rel. J. C. HULL v. HENRY WOLFER.[1]

June 8, 1897.

Nos. 10,659—(242).

### Criminal Law—Defective Sentence—Remedy—Habeas Corpus.

G. S, 1894, § 7402, provides: "In every case in which punishment in the state prison is awarded against any convict, the form of the sentence shall be that he be punished by confinement at hard labor." The relator was duly indicted, pleaded guilty, and was sentenced as follows: "The sentence of the court is that you, James C. Hull, be confined and restrained in the state prison at Stillwater conformably to the rules and regulations of that institution, in the state of Minnesota, for the period of six years."

*Held*, the judgment of the court is defective and irregular in omitting to sentence relator to hard labor, but is not absolutely void, and cannot be impeached collaterally on habeas corpus.

*Held*, further, such judgment is merely defective in form, not in substance, as section 7492 and following sections provide that every person convicted and sentenced to the state prison shall be compelled to perform a reasonable amount of hard labor, and the sentence provides that relator shall be confined in such prison conformably to such rules and regulations.

Writ of habeas corpus against Henry Wolfer, warden of the penitentiary, upon the petition of J. C. Hull. Writ dismissed.

*C. D. & Thos. D. O'Brien*, for petitioner.

*H. W. Childs*, Attorney General, for respondent.

CANTY, J. Relator is confined in the state prison at Stillwater, and sued out a writ of habeas corpus under the claim that he is wrongfully deprived of his liberty. He is charged in the indictment with the crime of assault in the third degree. In the midst of the trial he changed his plea to guilty, and was thereupon sentenced as follows:

[1] Reported in 71 N. W. 681.

"The sentence of the court is that you, James C. Hull, be confined and restrained in the state prison at Stillwater conformably to the rules and regulations of that institution, in the state of Minnesota, for the period of six years."

It is claimed that this sentence is illegal and void because he was not sentenced to hard labor, as required by G. S. 1894, § 7402, which reads as follows:

"In every case in which punishment in the state prison is awarded against any convict, the form of the sentence shall be that he be punished by confinement at hard labor."

This sentence is clearly defective and irregular. See Fitzgerald v. State, 4 Wis. 395; Benedict v. State, 12 Wis. 313; Peglow v. State, 12 Wis. 534. The judgment does not comply with the statute, and undoubtedly, on appeal or writ of error, it would be reversed, and the case remanded for a new sentence. But, unless the judgment is absolutely void, it cannot be impeached collaterally on habeas corpus. In our opinion this judgment is merely irregular, and not absolutely void. The proceeding was in a court of general jurisdiction. The court had complete jurisdiction of the parties and the subject-matter, and the omission of the words "hard labor" from the sentence did not oust the court of jurisdiction. In each of the cases above cited the question was raised on a writ of error.

In the case of In re Williams, 39 Minn. 173, 39 N. W. 65, this court held that where the relator had been sentenced to the state prison for only a year and three months while the least penalty prescribed for the crime of which he was convicted was five years, the judgment of the court, though erroneous, was not void, and the relator could not be discharged on habeas corpus. To the same effect see Ex parte Shaw, 7 Oh. St. 81; People v. Rouse, 72 Mich. 59, 40 N. W. 57. See, also, Lark v. State, 55 Ga. 435. The objection to the sentence in the case before us is, as in those cases, that the relator has not been sentenced to as much punishment as the statute requires. But, even where the punishment imposed by the sentence of a court of general jurisdiction is in excess of that allowed by the statute, it has been held that the judgment is not absolutely void, but, at most, void only as to the excess. Ex parte Bond, 9 Rich (S. C.) 80; Ex parte Lange, 18 Wall. 163. But this is not the rule where the jurisdiction of the

court is limited, and the punishment imposed is in excess of such jurisdiction. In such case the whole judgment is void. State v. West, 42 Minn. 149, 43 N. W. 845. While the judgment before us is erroneous, it is clearly not void. Ex parte Simmons, 62 Ala. 416; People v. Cavanagh, 2 Parker, Cr. R. 650.

2. But we are also of the opinion that this sentence is merely defective in form, and not in substance. It adjudges that the relator shall be confined in the state prison "conformably to the rules and regulations of that institution." Some of these rules and regulations are prescribed by the following sections of G. S. 1894:

"Sec. 7492. Every person convicted of crime and committed to the state prison shall be regularly employed at and be compelled to perform a reasonable amount of hard labor in some industrial employment; and no person so committed as aforesaid shall be exempt from such labor and employment, unless on account of incapacitating sickness or other disability rendering it impossible that such labor be performed.

"Sec. 7493. The employment of convicts in the state prison shall in all respects be governed by the provisions of this chapter, and shall be conducted as specified in the succeeding sections hereof."

The succeeding sections provide in detail the systems of employment and many regulations for governing such employment. Then we are of the opinion that the relator has in fact been sentenced to hard labor, though the judgment is not in the form prescribed by the statute.

The writ will be discharged, and the relator remanded to the custody of the respondent. So ordered.