STATE OF MINNESOTA ex rel. MELVIN LACY v. G. J. NORBY.[1]

October 21, 1897.

Nos. 10,814—(26).

**Habeas Corpus—Review of Evidence.**
    The writ of habeas corpus deals only with defects of a jurisdictional character, and, where the relator is held by virtue of process issued upon a final judgment of a court of competent jurisdiction, the evidence introduced on his trial cannot be reviewed by the court or officer issuing the writ, for the purpose of determining its sufficiency to support his conviction.

Appeal by respondent, as sheriff of Becker county, from an order made by the court commissioner for that county in habeas corpus proceedings, discharging relator from respondent's custody. Reversed.

*J. N. True,* County Attorney, for appellant.

*Jeff H. Irish,* for relator.

START, C. J.

The relator was convicted in a justice court in and for Becker county of the offense of having in his possession wild game—two prairie chickens—during the closed season, contrary to the statute, and was thereupon sentenced to pay a fine of $20, or be imprisoned for 20 days in the county jail if the fine and costs were not paid. A commitment was issued upon this judgment, and the relator committed by virtue thereof to custody of the appellant, as sheriff of such county. The relator was brought before the court commissioner of the county on habeas corpus issued on his petition. He attached to, and made a part of, his petition copies of the complaint, warrant, judgment, and commitment against him, with a copy of the evidence received on his trial, and alleged in his petition that his detention by virtue of such commitment was illegal, in this: (1) That upon his trial no evidence was offered or received tending to show that he was guilty of the offense charged, or of any offense; (2) that such evidence clearly showed that he was lawfully

[1] Reported in 72 N. W. 703.

in possession of the two prairie chickens in question. No other fact or reason was alleged in his petition why the judgment and commitment were void, or his detention illegal. The court commissioner, after hearing the evidence received upon the trial, discharged the relator, and the sheriff appealed to this court from such order.

The claim of the relator was that the evidence on his trial established the fact that the chickens which he had in his possession were killed on the White Earth Indian reservation; hence his possession was lawful, and he was not guilty of the offense charged. It is here urged by the appellant that, if the claimed fact be conceded, still the relator was guilty, and he asks us so to construe the statute under which the conviction was had. The question cannot be considered or decided on this appeal. The record discloses upon its face that the relator was detained by the sheriff by virtue of a commitment issued upon a final judgment of a competent court of criminal jurisdiction, and no defects of a jurisdictional character which would render the proceedings void are alleged or claimed by the petitioner. His only claim was that the evidence did not establish his guilt, and he sought a review of the evidence, and a determination of the question of his guilt or innocence, by habeas corpus proceedings.

This is a misconception of the functions of the writ. The writ deals only with defects of a jurisdictional character. It was never intended as a substitute for a writ of error or appeal; and where the petitioner is held, as in this case, by virtue of a final judgment of a competent court of criminal jurisdiction, nothing but jurisdictional defects will be investigated. There can be no review by habeas corpus of the evidence introduced upon the petitioner's trial, for the purpose of determining its sufficiency to support his conviction. State v. McMahon, 65 Minn. 453, 72 N. W. 79; State v. Wolfer, 68 Minn. 465, 71 N. W. 681; State v. Billings, 55 Minn. 467, 57 N. W. 206, 794; State v. Kinmore, 54 Minn. 135, 55 N. W. 830; State v. Sheriff, 24 Minn. 87.

The cases of In re Snell, 31 Minn. 110, 16 N. W. 692, and State v. Hayden, 35 Minn. 283, 28 N. W. 659, in which the evidence given on the hearing before the committing magistrate was reviewed on

habeas corpus, are not in point, for they were cases where the petitioners were held, not by process issued upon final judgments, but to await the action of the grand jury.

The judgment and commitment by virtue of which the sheriff detained the relator in this case being valid upon their face, and no jurisdictional defects being relied upon, it follows that he was legally detained, and the order discharging him must be reversed, and the relator remanded to the official custody of the appellant as· sheriff.   So ordered.