STATE ex rel. MICHAEL SCHULMAN v. ALONZO PHILLIPS.

June 21, 1898.

Nos. 11,232—(258).

Laws 1895, c. 153—State Training School—Constitution—Title of Act—State v. Brown Followed.

Laws 1895, c. 153, relating to the Minnesota State Training School for Boys and Girls, does not conflict with section 27 of article 4 of the constitution, providing that no law shall embrace more than one subject, which shall be expressed in its title. *Held*, further, following State v. Brown, 50 Minn. 353, that this statute is constitutional. It does not provide for cruel, unusual or unequal punishment.

Same—Evidence to Warrant Conviction—Collateral Attack—Habeas Corpus.

To justify a conviction of a defendant under section 6 of the act in a justice court, the testimony of two disinterested witnesses is required; and a judgment of conviction not based on such testimony is erroneous and reversible on appeal, but it is not void; hence it cannot be impeached collaterally on habeas corpus.

Appeal by relator from an order of the district court for Hennepin county, Elliott, J., discharging a writ of habeas corpus and remanding one Hyman Schulman to the custody of respondent sheriff. Affirmed.

*Washington Smith*, for appellant.

*James A. Peterson* and *Charles W. Somerby*, for respondent.

START, C. J.

Hyman Schulman, a minor, 13 years of age, was convicted by the municipal court of the city of Minneapolis of the crime of petit larceny. Thereupon the court adjudged and determined

"That the said defendant be committed to the guardianship of the board of managers of the Minnesota State Training School for Boys and Girls, to be by said board kept and detained during his minority or until he shall be sooner discharged by law or the rules of said board of managers,"

And issued its commitment to carry its judgment, which is valid on its face, into effect. The commitment was delivered to the respondent, as sheriff, who, by virtue thereof, took the defendant

into custody. Thereupon his father sued out of the district court a writ of habeas corpus on his behalf. After hearing the matter, the district court made its order discharging the writ, and remanding the defendant to the custody of the sheriff, from which order relator appealed to this court.

It is claimed that the judgment upon which the commitment was issued is void, because the statute (Laws 1895, c. 153) under which the proceedings were had in this case is unconstitutional, in that it conflicts with section 27 of article 4 of the constitution, which provides that "no law shall embrace more than one subject, which shall be expressed in its title." The title of the law is "An act entitled 'An act to change the name of the Minnesota State Reform School and to consolidate the various acts relating to said school and to amend the same.'" The first section of the act changes the name of the existing institution known as the "Minnesota State Reform School" to the "Minnesota State Training School for Boys and Girls," and in the subsequent sections of the law the institution is referred to as the "Minnesota State Training School." From this it is claimed that a new institution was created,—a subject not expressed in the title of the act.

It is perfectly apparent that this statute creates no new institution, and that the Minnesota State Reform School, under its new name of the "Minnesota State Training School for Boys and Girls," was intended by the words the "Minnesota State Training School," as used therein. The other provisions of the statute are all connected with and suggested by its title, and the statute is not repugnant, as respects its title, to section 27 of article 4 of the constitution. State v. Kinsella, 14 Minn. 395 (524); State v. Cassidy, 22 Minn. 312.

Conceding, without so deciding, that section 12 of the act authorizing the agent of the school to enter any dwelling house without process whenever he has reasonable cause to believe that any ward of the school is kept or concealed therein, and recover possession of him, is in conflict with section 10 of article 1 of the constitution, prohibiting the unreasonable search of a person's house, still it does not affect the validity of the rest of the act, and has no relevancy to the question of the legality of the judgment in this case.

It is further claimed that the act is unconstitutional because it provides for cruel and unusual punishment, and for a greater degree of punishment for children under 16 years of age than for older children. The claim is without merit. The school is not a "prison," —a place of punishment,—in the usual acceptation of the term, but a public industrial school, where children who have made a wrong start in life are educated, trained and afforded an opportunity to become honest, self-reliant, industrious and useful citizens. The necessary restraint imposed upon them is not punitory, but parental, in its character. The law establishing the school, and providing for commitments to it, and for its management, is constitutional. State v. Brown, 50 Minn. 353, 52 N. W. 935, and 36 Am. St. Rep. 651, and note.

The only other matter urged by the relator meriting consideration is the claim that the judgment is void because the defendant was not convicted upon the testimony of two disinterested witnesses. It is true, as claimed, that section 6 of the act in question requires that in justice court the defendant must be convicted, if at all, upon the testimony of two disinterested witnesses, and that the municipal court has in the premises only the powers of the justice court; but the question cannot be reviewed on habeas corpus. The judgment is regular on its face, and, if the evidence was insufficient to support the judgment, it is not void, but voidable. The remedy to correct the error is by appeal. State v. Wolfer, 68 Minn. 465, 71 N. W. 681.

The writ of habeas corpus cannot be used as a substitute for an appeal or writ of error. If a criminal case is reversed on appeal for remediable error, it goes back for a new trial; but to discharge a defendant on habeas corpus because the judgment is simply erroneous would in many cases result in a miscarriage of justice. The rule ought not to be relaxed. In State v. Brown, supra, the error complained of related to a matter subsequent to the judgment; that is, that the evidence was not presented to the judge of the district court before the judgment was carried into execution and the defendant actually committed; hence the defendant was prematurely

delivered into the custody of the managers of the school. Such is. not this case.

Order affirmed.