STATE ex rel. JOHN ZASKE v. AUGUST L. MATTER.

December 15, 1899.

Nos. 11,961—(220).

## Habeas Corpus—Judgment—Jurisdiction.

The rule applied, that, where a party is held in custody under the final judgment of a court of competent jurisdiction, only jurisdictional defects, which render the judgment absolutely void, can be inquired into on habeas corpus.

Writ of habeas corpus issued by the district court for Brown county and directed to respondent as sheriff of said county. From an order, S. A. George, court commissioner, remanding relator to the custody of respondent, relator appealed. Writ discharged.

*Jos. A. Eckstein* and *A. Frederickson*, for appellant.

*Somerville & Olsen* and *Geo. T. Olsen*, County Attorney, for respondent.

MITCHELL, J.

In an action for bastardy, under G. S. 1894, c. 17, the relator, a minor aged 17 years, upon a verdict of guilty, was by a judgment of the court adjudged to be the father of the child, and charged with the maintenance thereof, in the sum of $8 per month, until the child arrived at the age of 15 years, the same to be paid monthly into the county treasury; also, that he should within 10 days pay to the mother the sum of $40; that he pay the costs of the prosecution, taxed at $67.19; and, further, that he give a bond in the sum of $1,500, with approved securities, for the performance of the judgment; and that he should be confined in the county jail until he complied with the provisions of the judgment. Having failed to comply with the judgment, he was committed to the county jail, under the custody of the respondent, as sheriff. After having been imprisoned more than 90 days, he applied for his discharge, under the provisions of G. S. 1894, § 2046.

It appeared upon the hearing that he was unable to pay the money already due under the judgment, or to give the bond required by it; also, that he had no money or property, except an undivided interest in the estate of his father, which had not yet been assigned to him,—the estate being still in process of administration, and the time for filing of claims not having expired. The estate of his father consisted of real estate, 80 acres of which had been his homestead, and was still occupied as such by his widow and children, including the relator. Upon this state of facts, the court entered an order or judgment, the substance of which was that the relator should be discharged upon executing, through the medium of a guardian to be appointed by the probate court, to the board of county commissioners, a deed of all his interest in his father's estate, in trust for the payment of all sums due or to become due under the original order or judgment of the court, and that until this was done he should be remanded to the custody of the sheriff under the original commitment. He refused to comply with the terms and conditions of this order, but sued out a writ of habeas corpus.

Upon the hearing on the writ he was remanded to the custody of the sheriff, whereupon he appealed to this court, where the appeal has been submitted on the evidence introduced in the court below, which shows the foregoing state of facts.

The relator has mistaken his remedy. On habeas corpus, only such radical defects of a jurisdictional character as render the proceedings absolutely void, and not merely voidable, can be inquired into. Jurisdiction is the power to hear and determine a cause. The existence or nonexistence of this jurisdiction may always be inquired into, but, where it exists, the question whether it was exercised correctly or erroneously will not be inquired into on habeas corpus, where the relator is held under the final judgment of a court of competent jurisdiction. The writ cannot be made a substitute for an appeal or a writ of error. In this case the court had jurisdiction of both the cause and the parties. It therefore had the power to hear and determine the cause. However erroneous the decision may have been, it was not void for want of jurisdiction. If erroneous, relator's remedy is by appeal, or, in case no right of appeal is given by statute, by writ of certiorari. State v. Kinmore, 54 Minn. 135, 55 N. W. 830; In re Williams, 39 Minn. 172, 39 N. W. 65; State v. Sheriff of Hennepin Co., 24 Minn. 87; State v. McMahon, 69 Minn. 265, 72 N. W. 79; State v. Norby, 69 Minn. 451, 72 N. W. 703; State v. Wolfer, 68 Minn. 465, 71 N. W. 681.

Writ discharged, and the relator remanded to the custody of the sheriff of Brown county.