# STATE ex rel. EVA A. SLAYTON v. F. A. WHITTIER.[1]

July 16, 1909.

Nos. 16,271—(216).

**Habeas Corpus.**

A judgment entered in proceedings under chapter 285, p. 418, Laws 1905, authorizing the committal of incorrigible minors to the state training school, which recites all necessary jurisdictional facts, cannot be impeached or contradicted collaterally on the writ of habeas corpus.

Appeal from an order of the district court for Goodhue county,

[1] Reported in 122 N. W. 319.

Williston, J., discharging a writ of habeas corpus directed to F. A. Whittier and requiring him to show cause why he held in detention the person of Genevieve Slayton. Affirmed.

*Schmidt & Newman,* for appellant.

*George T. Simpson,* Attorney General, *George W. Peterson,* Assistant Attorney General, and *William M. Ericson,* County Attorney, for respondent.

BROWN, J.

Genevieve Slayton, under the age of sixteen years, was on the first day of October, 1907, under authority of the provisions of chapter 285, p. 418, Laws 1905, duly committed by the district court of Ramsey county to the state training school at Red Wing. Thereafter, on March 20, 1909, relator, the foster mother and duly constituted guardian of the said Genevieve, sued out a writ of habeas corpus in the district court of Goodhue county for her release and discharge from custody. Upon the hearing in that court the writ was discharged, and relator appealed.

It is contended by relator that the commitment of her ward was illegal and void, for the reason that no summons or other notice of the proceedings by which the girl was committed was ever issued or served upon relator, as required by section 5 of the act under which the court below proceeded. In her petition for the writ she alleges that this section of the statute was not complied with, and she insists, therefore, that the committing court had no jurisdiction. The return of respondent admits the custody of the girl, and sets out a copy of the judgment of commitment, which recites: "And it appearing that all persons interested have had due notice, * * * it is ordered and adjudged that [she] be" committed, etc. The return also alleges that the relator voluntarily appeared in court at the time of the commitment and took part in those proceedings.

Without stopping to consider whether relator's presence in court at the time her ward was committed to the school by the court below would obviate the necessity of a formal summons or notice to her, as required by the statute referred to, we dispose of the case on the ground that the recital in the judgment of commitment that due

notice was given all interested parties cannot be impeached in this collateral proceeding. State v. Sheriff of Hennepin County, 24 Minn. 87; State v. Phillips, 73 Minn. 77, 75 N. W. 1029; State v. Bailey, 106 Minn. 138, 118 N. W. 676. The court had jurisdiction of the subject-matter and of the person of one committed to the school, and it recites notice to all others interested. The judgment is therefore fair on its face, and not open to indirect attack.

Order affirmed.