# STATE ex rel. ANDREW JACKSON v. F. R. McDONALD.[1]

November 18, 1910.

Nos. 16,974—(258).

**Habeas corpus — collateral attack on judgment.**

> Rule that a judgment in a criminal prosecution, in all things fair upon its face, cannot be collaterally impeached on habeas corpus, applied. State v. Bates, 96 Minn. 150, distinguished.

Upon the petition of Alice Jackson the district court for Hennepin county issued its writ of habeas corpus directed to F. R. McDonald, keeper of the workhouse in the city of Minneapolis. The matter was heard before Dickinson, J., who at the close of the testimony discharged the writ and remanded the relator to the custody of respondent. From the judgment and order, relator appealed. Affirmed.

*Frederick L. McGhee,* for appellant.

*Frank Healy,* for respondent.

PER CURIAM.

Relator was convicted before the municipal court of Minneapolis, and sentenced to ninety days in the city workhouse for disorderly conduct. Upon the claim that his conviction was unlawful and without jurisdiction, he sued out a writ of habeas corpus for his release and discharge from custody. The writ was discharged by the court below, and relator appealed.

There is no question but that the municipal court had jurisdiction of the offense charged against relator, and of his person. The proceedings in that court upon the face of the record appear to have been in all things regular and in conformity with the law. Relator was, according to the record, charged by formal complaint with disorderly conduct in violation of the city ordinances. To this charge he pleaded guilty. Attempt was made on this writ to show by extrinsic evi-

[1] Reported in 128 N. W. 454.

dence that no formal complaint had been filed against relator at the time he was required to plead, and that the complaint appearing upon the records was made and filed subsequent to the time he was sentenced to the workhouse; that in fact the only complaint of record when relator pleaded guilty was in the form of a memorandum on the municipal court "tab."

It is clear that, inasmuch as it affirmatively appears that the court had jurisdiction of the offense charged and of the relator, its judgment and proceedings cannot be impeached on habeas corpus. State v. Bailey, 106 Minn. 138, 118 N. W. 676, 19 L.R.A.(N.S.) 775, 130 Am. St. 592; State v. Sheriff of Hennepin County, 24 Minn. 87; State v. Norby, 69 Minn. 451, 72 N. W. 703; State v. Phillips, 73 Minn. 77, 75 N. W. 1029; State v. Whittier, 108 Minn. 447, 122 N. W. 319.

The case of State v. Bates, 96 Minn. 150, 104 N. W. 890, is not in point, for the defect in the proceedings there complained of appeared upon the face of the record; and, further, the question whether a release may be ordered on habeas corpus for a defect in the complaint was not raised or considered in that case. State v. McMahon, 69 Minn. 265, 72 N. W. 79, 38 L.R.A. 675.

Order affirmed, and writ discharged.