# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## STATE ex rel. JOHN D. McDONALD v. T. T. RILEY.[1]

### November 3, 1911.

### Nos. 17,220—(10).

**Habeas corpus — assignments of error.**

    On an appeal to this court in a habeas corpus case, no assignments of error are required. The rules of this court as to service of briefs and assignments of error have no application to such cases.

**Same — not a substitute for an appeal.**

    Habeas corpus can never be used as a substitute for an appeal or writ of error, for it reaches only jurisdictional defects, which render the proceedings under which the relator is held absolutely void.

**Obscene language — jurisdiction of relator and of offense.**

    The court in which the relator was convicted had jurisdiction of him and the offense attempted to be charged, and the complaint, although defective, was sufficient to invoke such jurisdiction.

    Petitioner was convicted in justice court and sentenced to imprisonment. Thereupon the district court for Itasca county, upon

[1] Reported in 133 N. W. 86.
    116 M.—1.

his petition, granted a writ of habeas corpus directed to the sheriff of that county. The court, Stanton, J., ordered the discharge of petitioner and the sheriff appealed to this court from the order of discharge. Reversed, and relator remanded to the custody of the sheriff.

*R. A. McOuat,* County Attorney, for appellant.

*Spear & Stone,* for respondent.

START, C. J.

The relator was tried, convicted, and sentenced to imprisonment in the county jail for ninety days, in justice court in the county of Itasca. The complaint charged that he did, at the time and place stated, within the county, "wilfully, unlawfully, and wrongfully use vile and obscene language in the presence of women, against the form of statute in such case made and provided, and against the peace and dignity of the state of Minnesota. * * * " He was committed to jail pursuant to the sentence. Thereupon, on his petition, a writ of habeas corpus was issued by the district court of the county of Itasca. After a hearing thereon, the court made its order discharging the relator from the custody of the sheriff, from which he appealed to this court. The relator here objects to the hearing of the appeal on its merits, and asks for an affirmance of the order, because of the failure of the appellant to assign any errors as provided by rule 9 of this court [60 Minn. v., 61 N. W. v.]

There is no merit in the objection. The statute (R. L. 1905, § 4602) provides that the appeal may be heard summarily whenever the court is in session, on notice of five days to the adverse party, and that it shall be tried in the same manner as if the writ originally issued out of this court. It is obvious from the statute that the rules as to the making and serving of briefs and appending thereto assignments of error have no application to an appeal in a habeas corpus case, for it would be impossible to comply with them and give effect to the statute. How could briefs be served twenty days before the first day of the term in cases which may be placed on the calendar and heard whenever the court is in session on five days' notice? Again,

if the writ issues out of this court, there can be no basis for requiring assignment of errors.

It is further urged that the complaint does not charge any public offense, therefore the justice had no jurisdiction, and the judgment is void, not simply voidable.

It is apparent, from the complaint and the judgment, that the relator was ostensibly prosecuted and sentenced pursuant to Laws 1907, p. 109, c. 96, which, so far as here material, provides that: "Any person who shall use in reference to and in the presence of another * * * abusive or obscene language, * * * naturally tending to provoke an assault or any breach of the peace, shall be guilty of misdemeanor."

It must be conceded that this complaint does not, as against a direct attack, state a public offense, in that it does not state the name (if known) of the person in reference to and in whose presence the language was used, or the language itself and its natural tendency; and, further, if this were an appeal from the judgment, it would have to be reversed. State v. Clarke, 31 Minn. 207, 17 N. W. 344. It does not, however, follow from this concession that the relator was entitled to be discharged on habeas corpus, which can never be used as a substitute for an appeal or writ of error, but reaches only jurisdictional defects, which render the proceedings under which the relator is held absolutely void. The justice in this case had jurisdiction of the person of the defendant and of the offense attempted to be charged, and the complaint, although concededly defective, was sufficient to invoke its jurisdiction. State v. McMahon, 65 Minn. 453, 68 N. W. 77; State v. Matter, 78 Minn. 377, 81 N. W. 9; State v. McDonald, 112 Minn. 428, 128 N. W. 454.

We hold, following the cases cited, that the relator is not entitled to be discharged on habeas corpus.

It is therefore ordered that the order appealed from be and it is hereby reversed, and the relator remanded to the custody of the appellant, as sheriff.