## STATE EX REL. VICTOR NORDSTROM v. SUPERINTENDENT OF WORKHOUSE OF CITY OF MINNEAPOLIS.[1]

### July 17, 1920.

### No. 22,038.

**Criminal law.**

1. The trial court sentenced defendant to pay a fine of $500 or in default thereof to be confined in the workhouse until the fine was paid, not to exceed one year. On appeal the sentence was held excessive because the statute provided for imprisonment for not more than 6 months. The direction to the trial court was to modify the judgment and sentence accordingly, and the judgment was affirmed. The trial court thereupon discharged the relator upon a writ of habeas corpus and then sentenced him to pay a fine of $200, and in default of payment to be confined in the workhouse not to exceed two and one-half months. *Held*: While not a technical compliance with the order of the supreme

[1] Reported in 178 N. W. 164.

court, the second sentence was not void, was only technically irregular and defendant cannot complain of having his fine reduced. [Reporter.]

**Judgment.**

    2. Reception of inadmissible evidence does not render a judgment in a criminal case subject to collateral attack in a habeas corpus proceeding. [Reporter.]

Upon the relation of Victor Nordstrom the district court for Hennepin county granted its writ of habeas corpus directed to the superintendent of the workhouse of the city of Minneapolis. The matter was heard before Leary, J., who discharged the writ. From the order discharging the writ, relator appealed. Affirmed.

*H. K. Chance,* for appellant.

*C. L. Hilton,* Attorney General, *William M. Nash,* County Attorney, and *P. J. Thompson,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was convicted and sentenced to pay a fine of $500 and in default thereof to be confined in the workhouse for a term not to exceed one year. On appeal, the trial court was in all things affirmed, except that this court held the sentence excessive in that the imprisonment in case of nonpayment of the fine could not exceed six months. In disposing of the case the court said: "The judgment and sentence should be modified accordingly. Subject to this modification the judgment is affirmed." It appears that the trial court thereupon discharged the relator on a writ of habeas corpus and then sentenced him to pay a fine of $200, and in default of payment to be confined in the workhouse not exceeding two and one-half months. Defendant, contending that the sentence was void, sued out a writ of habeas corpus.

It was our intention by the order disposing of the appeal to affirm the conviction and the sentence, subject to the modification indicated, and to remand the case for such modification. The subsequent action of the trial court did not conform technically to this procedure, but the difference was of form rather than of substance. The second sentence was not void and only technically irregular.

The action of the court in reducing the fine was favorable to defendant and of that he cannot complain.

Defendant contends that some of the evidence produced against defendant on the trial was procured by search of defendant's premises without a warrant, and that such evidence should not have been received on the trial. If defendant had any such objection the time to make it was on the trial, and the time to review it was on appeal from the judgment of conviction. The reception of inadmissible evidence does not render a judgment subject to collateral attack in a habeas corpus proceeding.

Affirmed.