## STATE EX REL. H. A. HINRICHS v. S. O. LOCKWOOD.[1]

April 20, 1923.

No. 23,531.

**In proceedings in contempt procedural errors not available on habeas corpus.**
    1. Procedural errors and defects in proceedings for contempt of court, not going to the jurisdiction of the court, are not available on habeas corpus to secure the release and discharge of the person committed in such proceedings.

**Ancillary writ or certiorari will not raise question of procedural errors.**
    2. Nor may such errors be brought before the court by certiorari sued out as ancillary to or in aid of the writ of habeas corpus. The rule applied in Re Snell, 31 Minn. 110, has no application where the

[1]Reported in 193 N. W. 113.

errors and defects complained of are reviewable by other direct methods.

**Judgment of contempt sustained.**

3. Certiorari in review of a judgment of contempt of court *held* to present no error.

**Writ of habeas corpus discharged.**

4. The record in habeas corpus proceedings being fair on its face, and to show jurisdiction of the subject matter and of relator, and the legality of the commitment of relator, the writ is discharged and relator remanded.

Upon the relation of H. A. Hinrichs the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable W. C. Leary, judge thereof, to review the order of that court adjudging relator guilty of criminal contempt and remanding him to the custody of the superintendent of the workhouse of the city of Minneapolis. Relator also appealed from the order of the district court discharging the writ of habeas corpus obtained by him and remanding him to custody. Writ discharged and relator remanded to custody.

*Robert M. Works* and *John A. Holland*, for relator.

*F. M. Ridgway*, for respondent.

BROWN, C. J.

In the divorce action of Adele D. Hinrichs against H. A. Hinrichs, relator herein, pending in the district court of Hennepin county, plaintiff duly recovered on October 2, 1922, a judgment annulling the marriage between the parties, with an allowance of alimony and suit money in the following language:

"It is further adjudged and decreed that defendant pay to plaintiff as permanent alimony, the sum of forty dollars per month on or before the 10th day of each month, * * * commencing November 1st, 1922. That defendant pay to plaintiff the sum of seventy five dollars as and for an allowance for attorneys fees and suit money in this action."

Defendant failed and refused to make the payments so required of him by the judgment, and on the nineteenth day of December, 1922, plaintiff presented to the court below, an affidavit setting out and showing his default, upon which the court issued an order directing defendant to appear at a time stated therein and show cause why he should not be punished for contempt for his disobedience of and failure to comply with the judgment in that respect. Defendant was duly served with the order and appeared in court in response thereto, and after hearing the matter the court adjudged him guilty of contempt and as punishment therefor sentenced him to a period of 30 days in the Minneapolis Workhouse. He was duly committed under proper warrant and thereafter sued out a writ of habeas corpus for his release, alleging that his restraint was illegal and unauthorized. On hearing before the court the writ was discharged, with a remand of relator to custody, from which order he appealed to this court. The cause was here submitted on the record made below.

It is contended in support of the appeal: (1) That the affidavit initiating the contempt proceedings is insufficient; (2) that the court below was without jurisdiction to adjudge relator guilty of contempt except upon evidence of witnesses produced and heard in court; (3) that the court erred in holding that the judgment in the divorce action which relator was accused of violating required him to do any act or thing; and (4) that it was error to sentence relator to the workhouse.

1. In respect to the contentions so made it may be said, without going into an extended discussion of the points, that habeas corpus does not reach questions of the sufficiency of the evidence to sustain the conviction of the relator, of which complaint is here made, nor errors and defects of a procedural nature. Questions of that character can only be reviewed by appeal, or certiorari where an appeal is not available. The sole inquiry on habeas corpus is whether the court, whose order of restraint is complained of, had jurisdiction of the subject matter of the action or proceeding and authority therein to make the particular order, and jurisdiction of the person proceeded against. If those inquiries be answered in the affirmative

the writ will be discharged, and without a consideration of matters of procedure or errors or defects reviewable in the manner stated. The law on the subject is well settled. 1 Dunnell, Minn. Dig. § 4129; State v. McMahon, 69 Minn. 265, 72 N. W. 79, 38 L. R. A. 675; State v. Brown, 149 Minn. 297, 183 N. W. 669; State v. Reed, 132 Minn. 295, 156 N. W. 127; State v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L. R. A. (N. S.) 978, Ann. Cas. 1914A, 1248; State v. Riley, 116 Minn. 1, 133 N. W. 86, 39 L. R. A. (N. S.) 788, Ann. Cas. 1913B, 785; State v. Langum, 112 Minn. 121, 127 N. W. 465.

In the case at bar the court had jurisdiction of the divorce action and authority to award alimony to the wife therein. The court also had jurisdiction of the contempt proceeding with authority to punish defendant in the action for his failure and refusal to comply with the judgment by the payment of the alimony and suit money as there ordered and directed. The order to show cause in that proceeding was personally served upon relator. The order of commitment, being fair on its face, is not open to collateral attack. State v. McDonald, 112 Minn. 428, 128 N. W. 454. The proceeding here involved took the form of a criminal contempt, in vindication of the authority of the court. State v. Searles, 141 Minn. 267, 170 N. W. 198; State v. Willis, 61 Minn. 120, 63 N. W. 169. And the sentence of relator to the workhouse was authorized by G. S. 1913, § 8494. The affidavit initiating the proceeding stated facts vesting the court with jurisdiction. And, since the record is fair on its face, the writ must be discharged and relator remanded to the custody of respondent.

2. A writ of certiorari in review of the order of contempt sued out in connection with the appeal in the habeas corpus matter presents no reasons justifying a reversal of the order. The writ cannot be used in aid of the habeas corpus proceeding, as ancillary thereto or otherwise, to bring before the court in that proceeding errors and defects reviewable on appeal or certiorari. The rule adopted in the case of In re Snell, 31 Minn. 110, 16 N. W. 692, followed in other like cases, does not apply, for in such case the writ of certiorari is limited to the purpose of bringing up matters of record obtainable in aid of the habeas corpus proceeding in no other

way; an exceptional situation not here presented. On the merits of the case, as presented by the certiorari, the record presents no error. The court had jurisdiction to adjudge relator guilty of contempt, and, in the absence of an affirmative showing to the contrary, the order in that behalf is presumed to be within the evidence submitted to the lower court. No attempt was here made to procure a certified case showing all the proceedings and evidence before the trial court, in the absence of which the presumption stated is conclusive and final.

The order of contempt must therefore be affirmed. The writ of habeas corpus is in all things discharged and relator remanded to custody.