# STATE EX REL. MAX J. NEWMAN v. JOHN P. WALL.[1]

June 9, 1933.

No. 29,579.

See 188 Minn. 461, 247 N. W. 576.

*Samuel P. Halpern,* for appellant.

*Harry H. Peterson,* Attorney General, *Ed J. Goff,* County Attorney, and *Arthur Markve* and *Per M. Larson,* Assistant County Attorneys, for respondent.

*STONE, Justice.*

Habeas corpus, relator appealing from the order of the district court discharging the writ.

Indicted for perjury, relator pleaded guilty June 23, 1932. Thereupon judgment of conviction was entered, sentencing him to confinement in the state prison until thence discharged in due course of law. On the same day execution of sentence was stayed and relator put on probation for two years. July 19, 1932, an order

[1]Reported in 249 N. W. 37.

266

was entered vacating the stay of execution and order of probation, and relator remitted to the custody of the sheriff.

■ There is complete absence of ground, or semblance of ground, for the writ. Too plainly to excuse extended discussion, it has been used as an attempted substitute for an appeal, at which there was an abortive attempt. State v. Newman, 188 Minn. 461, 247 N. W. 576. For relator it is attempted to question the sufficiency of the indictment. The argument is that relator's testimony (quoted in the indictment), upon which the charge was based, is ambiguous and open to an interpretation which would permit a conclusion that the statements were true. At best, the factual basis for that claim is matter of evidence. It rests upon things extraneous to the indictment. It ignores inexcusably the charge in the indictment that the gist of relator's testimony, therein quoted, was "wilfully, knowingly and corruptly false" and "material to the issues" in the action wherein relator was a witness.

We do not permit a writ of habeas corpus to be used as substitute for writ of error or appeal. It may not be made a cover for collateral attack on a judgment of conviction. State ex rel. Slayton v. Whittier, 108 Minn. 447, 122 N. W. 319; State ex rel. Schulman v. Phillips, 73 Minn. 77, 75 N. W. 1029; State ex rel. Jackson v. McDonald, 112 Minn. 428, 128 N. W. 454; State ex rel. McDonald v. Riley, 116 Minn. 1, 133 N. W. 86; In re Robinson, 73 Fla. 1008, 75 So. 604, 607, L. R. A. 1018B, 1148. In the Riley case, 116 Minn. 1, 133 N. W. 86, the rule was applied even where the complaint did not state a public offense. The rule was well stated by the supreme court of Florida in the Robinson case [73 Fla. 1079]:

"The inquiry * * * is not whether there is in the indictment such specific allegations of the details of the charge as would make it good on demurrer or motion to quash, but whether the indictment describes a class of offenses of which the court has jurisdiction, and alleges the defendant to be guilty."

■ To relator's disposition to fence with truth and his willingness to deceive the learned judge, who considerately admitted him to probation, is due his present predicament. The order vacating the

stay of execution was upon the ground that relator "falsified upon the examination" which he underwent preliminary to the sentence. The following additional comment of the trial judge explains further:

"Probation should not be awarded to persons convicted of crime that come into court and falsify as to their past record. Probation is based upon the fact that the previous record has been good and that the wrongdoer would refrain from further wrongdoing, and become and remain and continue to be a good, law-abiding citizen, which he claims he had been before the wrong involved in the charge. He comes into court now and testifies that he isn't even guilty of the charge of perjury. He falsifies as to his previous record. By his conduct, at the time of the examination and the taking of his plea when probation was extended to him, on the belief of the truth of his statements, and because of his further falsification since, Mr. Newman has forfeited his right to probation in this case, and the probation extended to him is revoked."

Orders vacating such a stay of execution are within the discretion of the trial courts. 2 Mason Minn. St. 1927, § 9938. Whether in any case we will review them for abuse of discretion need not be decided, for nothing of that kind appears in this case.

The order quashing the writ is affirmed.