# THEODORE HAROLD SHAW v. L. F. UTECHT.[1,2]

August 18, 1950.

No. 35,285.

[1]Reported in 43 N. W. (2d) 781.
[2]Certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. —.

*Theodore Harold Shaw, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent.

CHRISTIANSON, JUSTICE.

Petitioner appeals from an order denying his petition for a writ of habeas corpus. Respondent moves to quash the petition and dismiss the appeal.

Petitioner was charged by information of the county attorney of Olmsted county with having committed therein the felony of robbery in the first degree on or about September 12, 1936. In addition, contrary to M. S. A. 610.31, the county attorney accused petitioner in the same information with prior convictions of two felonies previously committed in this state, namely, grand larceny in the second degree and the operation of a motor vehicle without the owner's permission and consent. Petitioner pleaded not guilty to the charge of robbery in the first degree, and on October 5, 1936, after a jury trial in the district court for Olmsted county, the jury rendered its verdict finding petitioner guilty of the crime of robbery in the first degree. The record before us does not show that any plea was made with respect to the prior convictions. Petitioner was sentenced under the indeterminate sentence law,[3] and the court did not fix a maximum term. He is now confined at the Stillwater state prison.

A certified copy of the transcript of the proceedings before the Olmsted county district court shows that during the trial the

---

[3]M. S. A. 637.01.

records of the two prior convictions were offered in evidence on behalf of the state, and that thereupon one of petitioner's counsel stated: "The defendant admits the convictions as set forth in the information, both of them, and that the Shaw mentioned in them is the same person alleged to have committed the crime [robbery in the first degree] here." It also shows that upon the presentence examination by the trial court petitioner admitted the two prior convictions. In his petition, petitioner states that he "does not complain that he was punished more severely simply through establishment that he was a repeated offender as described by the habitual criminal law." The sentence[4] imposed by the trial court upon petitioner reads as follows:

"It appearing now that you have been convicted of the crime of robbery in the first degree by a verdict of a jury of this county, and it appearing further that you were convicted of the crime of grand larceny in the second degree at Red Wing on the 7th day of February, 1927, and it appears further that you were convicted at the city of Red Wing in the District Court on the 21st day of March, 1931 of operating a car without the owner's permission, now, therefore, it is the judgment of the court that as punishment *for those crimes* that you be sentenced to such penal institution, to be confined in such institution as may be designated by the State Board of Classifications,[5] until discharged by competent authority or due process of law." (Italics supplied.)

Petitioner was represented throughout the trial court proceedings by competent counsel appointed by the court. The record before us fully sustains the jury's verdict finding petitioner guilty of the crime of robbery in the first degree. The question of prior convictions was not submitted to the jury.

The petition for a writ of habeas corpus was denied by the district court of Washington county on April 12, 1950. Peti-

---

[4]"The sentence is the judgment." Willoughby v. Utecht, 223 Minn. 572, 577, 27 N. W. (2d) 779, 782, 171 A. L. R. 535.

[5]L. 1935, c. 207, repealed, L. 1939, c. 71.

tioner appeals from the order of denial, and we now have before us a motion by respondent to quash the petition and dismiss the appeal because (1) the grounds alleged in the petition are not sufficient to justify the issuance of a writ of habeas corpus; and (2) the facts stated in the petition show that petitioner is not entitled to such a writ. Cf. Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813; State ex rel. Sherin v. Goss, 73 Minn. 126, 75 N. W. 1132. The motion is based upon the petition for the writ, and the certified copies of the information, verdict, minutes of conviction, transcript of the trial court's proceedings, and the warrant of commitment, presented by petitioner to the lower court with his petition and returned to this court upon appeal. The case comes here *de novo*.

The question before us is whether the petition presents a case entitling petitioner to the issuance of a writ of habeas corpus. From a careful examination of the petition and of the certified copies of the trial court's files and records presented therewith, we find that it does not present such a case.

■ The first allegation of the petition, that the judgment is void because the information did not allege that petitioner used a dangerous weapon in any particularly described fashion, and the fifth allegation, that the information did not clearly allege the manner in which the offense (robbery in the first degree) was committed, question the sufficiency of the allegations of the information with respect to the charge of robbery in the first degree. Sufficiency of the allegations of an information cannot be challenged after judgment in habeas corpus proceedings.[6]

■ The second allegation attacks the judgment upon the ground that petitioner's counsel were negligent in allowing inadmissible evidence to be received in evidence against him at the trial. Such errors or mistakes of counsel, standing alone, are not a ground

[6]State ex rel. Moriarity v. McMahon, 69 Minn. 265, 72 N. W. 79, 38 L. R. A. 675. See, State ex rel. McDonald v. Riley, 116 Minn. 1, 133 N. W. 86; State v. Rudin, 153 Minn. 159, 189 N. W. 710; 25 Am. Jur., Habeas Corpus, § 41, and cases cited; 39 C. J. S., Habeas Corpus, § 20.

for habeas corpus, even if counsel appointed to represent petitioner were negligent in this respect. Diggs v. Welch, 80 App. D. C. 5, 148 F. (2d) 667, certorari denied, 325 U. S. 889, 65 S. Ct. 1576, 89 L. ed. 2002; Jones v. Huff, 80 App. D. C. 254, 152 F. (2d) 14. In Helms v. Humphrey, 63 F. Supp. 4, 5, the federal district court for Minnesota held:

"It is not a ground for habeas corpus that counsel made a mistake or was negligent or gave bad advice to his client. Petitioner was not thereby deprived of assistance of counsel * * * nor of the benefits of the due process clause."

■ The third and fourth allegations pertain to alleged errors of the trial court in admitting in evidence an affidavit and the records of petitioner's two prior convictions. The certified copy of the transcript of the trial court's proceedings shows that no objections were made to the reception in evidence of either the affidavit or the records of prior convictions, and the trial court had no opportunity to rule upon their admissibility. If petitioner had any objections thereto, he should have asserted them at the trial, and the time to review them was on appeal. State v. Shansy, 164 Minn. 10, 204 N. W. 467; State v. O'Connor, 154 Minn. 45, 191 N. W. 50; State v. Rutledge, 142 Minn. 117, 171 N. W. 275. Here, it affirmatively appears that petitioner admitted the prior convictions alleged in the information when the state offered the records of them in evidence.

Moreover, as this court held in State ex rel. Nordstrom v. Supt. of Workhouse, 146 Minn. 140, 142, 178 N. W. 610, "The reception of inadmissible evidence does not render a judgment subject to collateral attack in a habeas corpus proceeding." Such error is not a ground for habeas corpus.[7] "Habeas corpus is not a corrective remedy, but is concerned only with defects in a proceeding which operate to render a judgment rendered, or proc-

[7] 25 Am. Jur., Habeas Corpus, § 53; 39 C. J. S., Habeas Corpus, § 21; 29 C. J., Habeas Corpus, § 38. See, State ex rel. Elms v. Brown, 149 Minn. 297, 300, 183 N. W. 669, 670.

ess issued, therein absolutely void. *It cannot be invoked for use in correcting mere errors or irregularities in the proceedings of a trial court which are not jurisdictional `* * *`."* (Italics supplied.) 25 Am. Jur., Habeas Corpus, § 28. "Questions which may or should be decided at the trial or reviewed upon appeal or error have no place in a habeas corpus proceeding, * * *." 39 C. J. S., Habeas Corpus, § 15, p. 449. Habeas corpus is not a substitute for appeal or writ of error.[8] Nor can it be used as a writ of review,[9] or as a means of correcting error in the admission of evidence.[10]

■ Petitioner's sixth and last allegation attacks the information with respect to the inclusion therein of the two prior felony convictions. He also attacks the sentence imposed by the trial court upon his conviction of the crime of robbery in the first degree. His contentions, although he does not so allege, seem to be that because his prior convictions were included in the same information charging him with robbery, and particularly because the trial court used the words "as punishment for those crimes"

---

[8]Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034, dismissal of subsequent application in federal district court affirmed (8 Cir.) 161 F. (2d) 304; *Id.* 218 Minn. 553, 16 N. W. (2d) 750; State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; State ex rel. Newman v. Wall, 189 Minn. 265, 249 N. W. 37; State ex rel. Kelly v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L. R. A. (N. S.) 978, Ann. Cas. 1914A, 1248; State ex rel. Schulman v. Phillips, 73 Minn. 77, 75 N. W. 1029; 3 Dunnell, Dig. & Supp. § 4129; 25 Am. Jur., Habeas Corpus, § 28; 39 C. J. S., Habeas Corpus, § 15; 29 C. J., Habeas Corpus, § 19.

[9]State ex rel. Lacy v. Norby, 69 Minn. 451, 72 N. W. 703; Bowen v. Johnston, 306 U. S. 19, 59 S. Ct. 442, 83 L. ed. 455; Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed. 1461, 146 A. L. R. 357; Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. ed. 1101, 21 Ann. Cas. 849.

[10]Burall v. Johnson (9 Cir.) 134 F. (2d) 614, certiorari denied, 319 U. S. 768, 63 S. Ct. 1327, 87 L. ed. 1717; Vermillion v. Zerbst (5 Cir.) 97 F. (2d) 347.

in its sentence, he was unlawfully charged, tried, convicted, and sentenced for the additional crimes of grand larceny in the second degree and the operation of a motor vehicle without the owner's permission and consent, for which he had previously "been duly punished and released by due process of law," and that by reason thereof he was placed in double jeopardy.

Insofar as these allegations may raise questions of fact, they are all conclusively contradicted by the certified copies of the trial court's files and records submitted by petitioner with his petition. It conclusively appears therefrom that the only crime petitioner was charged with, tried for, and convicted of was that of robbery in the first degree. While the inclusion by the county attorney of accusations of prior convictions in the same information with that charging petitioner with the crime of robbery in the first degree was contrary to M. S. A. 610.31,[11] it affirmatively appears that at the trial and during the presentence examination by the trial court petitioner expressly admitted the prior convictions alleged in the information.[12] Moreover, petitioner in his petition states that he "does not complain that he was punished

---

[11]Before the enactment of the present statute, prior convictions, in order to be taken into consideration in imposing punishment, were required to be alleged in the indictment or information charging the subsequent crime. State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449. The present statute enacted in 1927, however, "does away with the necessity of charging prior convictions in the information or indictment for the later crime" (State v. Zywicki, 175 Minn. 508, 513, 221 N. W. 900, 902), and provides in effect that an accused should not be tried on accusations of prior convictions until after he has been convicted of his last offense. See, State v. West, 175 Minn. 516, 221 N. W. 903.

[12]M. S. A. 610.31 provides in part:

"* * * If the jury shall find and determine that the accused is guilty of previous convictions as charged in the information, or *if the accused acknowledges or confesses in open court,* after being duly cautioned as to his rights, *that he has been so convicted,* the court shall sentence him to the increased punishment or penalty of imprisonment to which he is liable, as provided by law, * * *." (Italics supplied.)

more severely" because of the fact of his prior convictions. As we have repeatedly held, the increased punishment for a felony prescribed by M. S. A. 610.28 is not punishment for the *prior* offense, but punishment for the *last* offense only. Willoughby v. Utecht, 223 Minn. 572, 579, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239; State v. Zywicki, *supra.* Although the sentence imposed here, after reciting petitioner's conviction of the crime of robbery in the first degree by the verdict of the jury and his previous convictions of the two prior felonies, does state that "it is the judgment of the court that as punishment *for those crimes* that you be sentenced [italics supplied]," the use of the words "for those crimes" was, in our opinion, merely an error and irregularity not rendering the sentence void. The proceedings were in a court of general jurisdiction. Clearly, the trial court had jurisdiction of both the person of petitioner and the subject matter, and the sentence imposed, even if erroneous, was not in excess of its power. Where, as here, it clearly appears from the sentence as a whole and from the record of the trial court's proceedings that the error in the sentence is merely in form and not in substance, it does not render the sentence void or subject it to collateral attack by habeas corpus. See, State ex rel. Kelly v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L. R. A. (N. S.) 978, Ann. Cas. 1914A, 1248; State ex rel. Hull v. Wolfer, 68 Minn. 465, 71 N. W. 681.

In granting respondent's motion to quash the petition for the writ and to dismiss the appeal, we need not pass upon the validity of any increased punishment because of the prior convictions, for the reasons that the statute[13] in force at the time the robbery in the first degree was committed prescribed imprisonment for not less than five nor more than 40 years, and the trial court sentenced petitioner under the indeterminate sentence law and did not fix a maximum term. In State ex rel. Petcoff v. Reed, 138

[13]Mason St. 1927, § 10103 (now M. S. A. 619.42).

Minn. 465, 467, 163 N. W. 984, 985, we adopted the rule that "an indeterminate sentence, imposed under a law authorizing such sentences, is a sentence for the maximum term prescribed for the offense committed, coupled with a provision which permits but does not require an earlier release; that, as an earlier release cannot be demanded as of right, the sentence necessarily operates as a sentence for the maximum term." Here, petitioner has served only about 13 years and 10 months of the sentence imposed under the indeterminate sentence law, which is far less than the maximum prescribed by § 619.42, including good-time credits,[14] and irrespective of any increased punishment by reason of the two prior felony convictions referred to in the trial court's sentence. Under no view of the record now before us is petitioner entitled to release at this time. His petition is premature. See, State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; State ex rel. Carmody v. Reed, 132 Minn. 295, 156 N. W. 127.

Respondent's motion to quash the petition for the writ and to dismiss the appeal is granted.

So ordered.

[14] M. S. A. 640.53.