## STATE EX REL. JOHN HOFFMAN v. RALPH TAHASH.

116 N. W. (2d) 662.

July 6, 1962—No. 38,633.

*John Hoffman,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from on order of the District Court of Washing-

ton County denying the petition of John Hoffman for the issuance of a writ of habeas corpus.

Petitioner is presently confined in the Minnesota State Prison under the custody of Ralph Tahash, acting warden thereof. His imprisonment is pursuant to a judgment of conviction in the District Court of Douglas County entered February 27, 1956, upon his plea of guilty to the crime of burglary in the third degree; upon his plea of guilty to the crime of assault in the second degree; upon his plea of guilty to four prior felony convictions; and pursuant to sentence imposed upon him and warrant of commitment issued under the judgment of conviction.

It is petitioner's contention that he is illegally confined in that the sentence under which the state holds him is null and void in that it "creates double jeopardy" and forces him to be punished twice for the same crimes; that because his prior convictions cannot be deemed a crime, no punishment should be rendered for such a nonexistent crime; and that in consequence the legal part of the sentence imposed upon him has now been fully served.

The following proceedings took place at the time petitioner was sentenced:

"On the 27th day of February, 1956, the above-named defendant appeared before the Honorable Rol E. Barron, one of the judges of this court, in the courtroom of the Douglas County courthouse in the City of Alexandria, Minnesota, and entered a plea of guilty to the crime of burglary in the third degree, and to the crime of assault in the second degree.

"John J. McCarten, Esquire, County Attorney of Douglas County, Minnesota, appeared on behalf of the State of Minnesota; and

"S. H. Buttz, Esquire, was appointed by the Court to represent the defendant.

"The defendant was also personally present in court.

"The following proceedings were had:

"MR. McCARTEN: May it please the Court, we are before the Court today in the Matter of the State of Minnesota against John Hoffman, alias William Riley. He is charged with the crime of third degree burglary, committed at Garfield in this county, on the 6th day of Febru-

ary, 1956. The defendant has—is represented by Mr. Buttz of this city; and has made an application to plead guilty to that crime, which application I have approved.

\*　\*　\*　\*　\*

"JUDGE BARRON: You signed this application to plead guilty to the crime of third degree burglary?

"DEFENDANT: Yes.

"JUDGE BARRON: And Mr. S. H. Buttz is representing you as your attorney?

"DEFENDANT: Yes.

\*　\*　\*　\*　\*

"MR. MCCARTEN: May the record also show Mr. Buttz has been furnished with a copy of the information?

"JUDGE BARRON: It may. Will you read the Information, please, Mrs. Carter.

"[Reporter read information signed by the county attorney and dated February 27, 1956, informing the court that on February 6, 1956, in Douglas County, petitioner unlawfully and feloniously with force and arms broke and entered that part of a described building owned by Herbert H. Ziegelman in the village of Garfield and occupied by the municipal liquor store of such village to commit grand larceny constituting burglary in the third degree under Minn. St. 621.10.]

"JUDGE BARRON: Is the defendant at this time ready to enter his plea to this Information, Mr. Buttz?

"MR. BUTTZ: He is, Your Honor.

"JUDGE BARRON: What is your plea, Mr. Hoffman? Guilty or not guilty?

"DEFENDANT: Guilty.

\*　\*　\*　\*　\*

"MR. MCCARTEN: May it please the Court, this defendant is also charged with the crime of first degree assault, arising out of the same transaction. He has made application to plead guilty to the crime of second degree assault, a lesser degree of the same charge; and I have consented to that application.

"JUDGE BARRON: Mr. Hoffman, you have also signed this application to plead guilty to the crime of assault in the second degree?

"DEFENDANT: Yes, sir.

"JUDGE BARRON: The application—Mr. Buttz is representing you in this matter, also?.

"DEFENDANT: Yes.

"JUDGE BARRON: The application of the defendant John Hoffman, alias William Riley, to plead guilty to the crime of assault in the second degree, is received and filed. The County Attorney is directed to file proper information charging the defendant with the crime of assault in the second degree. And let the record show that proper information has been filed, and that a copy has been given to the defendant's counsel, Mr. S. H. Buttz. (To reporter) Mrs. Carter, will you likewise read that information, please.

"[Reporter read information signed by the county attorney dated February 27, 1956, informing the court that on February 6, 1956, in Douglas County, petitioner unlawfully and feloniously made an assault upon one Bennie Urness by then and there pointing and discharging a .45 Colt automatic pistol loaded with gunpowder and leaden bullets at and in the direction of the said Bennie Urness, said assault constituting assault in the second degree under § 619.38.]

"JUDGE BARRON: Is the defendant ready at this time to enter his plea to the Information charging him with assault in the second degree, Mr. Buttz?

"MR. BUTTZ: He is, Your Honor.

"JUDGE BARRON: What is your plea, Mr. Hoffman, to that information; that charge?

"DEFENDANT: Guilty.

\*　　\*　　\*　　\*　　\*

"MR. MCCARTEN: May it please the Court, I'm obligated under the statute to inform the Court as to previous offenses committed by this defendant, and I wish to file with the Court an information, informing the Court as to such previous offenses. May the record show that I'm furnishing a copy of that information to counsel for the defendant.

"JUDGE BARRON: Again I will ask you to read this information, Mr. McCarten.

"[Mr. McCarten read information signed by himself as county attorney informing the court, as required by § 610.31, that previous to the commission of the crimes of third-degree burglary and second-degree assault, to which petitioner had pleaded guilty, petitioner had been duly convicted of four felonies in Illinois, Iowa, Wisconsin, and Minnesota, as set forth in a transcript of his complete record appearing in file No. 512,384 of the Federal Bureau of Investigation.]

"JUDGE BARRON: Mr. Buttz, is the defendant ready to enter his plea with reference to the former convictions set forth in the Information?

"MR. BUTTZ: He is, Your Honor.

"JUDGE BARRON: And what is your plea as to your convictions, Mr. Hoffman?

"DEFENDANT: Guilty.

           \*    \*    \*    \*    \*

"JUDGE BARRON: Well, as the Court said in the former case, it's a serious responsibility to impose a sentence which entails life imprisonment; but I'm of the opinion that that sentence must be imposed; and if either the Parole Board or the Pardon Board are convinced in the future years that Mr. Hoffman has been rehabilitated so that he may take his place in Society as a useful member of Society, the Court will not have the slightest objection. When was Mr. Hoffman released on the last conviction in Wisconsin?

           \*    \*    \*    \*    \*

"JUDGE BARRON: You may stand up, Mr. Hoffman. (Defendant rises)

### "SENTENCE

"THE JUDGMENT AND SENTENCE OF THIS COURT is that you, John Hoffman, alias William Riley, as punishment for the crime of Burglary in the Third Degree, to which crime you have duly entered your plea of guilty, and as punishment for the former convictions of felony to which you have likewise entered your plea of guilty, be committed to and confined in the State Penitentiary at Stillwater, Minnesota, at hard labor until duly discharged therefrom by operation of law or act of the proper authorities.

"THE JUDGMENT AND SENTENCE OF THIS COURT is that you, John Hoffman, alias William Riley, as punishment for the crime of assault in the second degree, to which you have duly entered your plea of guilty, and as punishment for the former felonious convictions, to which you have likewise entered your plea of guilty, be committed to and confined in the State Penitentiary at Stillwater, Minnesota, at hard labor until duly released therefrom by operation of law or act of the proper authorities.

"The sentences herein imposed shall run concurrently and not consecutively."

In a memorandum attached to its order herein, the trial court stated:

"Consideration of both files clearly indicates that the Court had in mind increasing the punishment by reason of the prior felony convictions. The use of the words in the sentence, '—as punishment for the former convictions of a felony—', was merely an error and irregularity not rendering the sentence void.

"The Court had general jurisdiction of the person and subject matter, and the sentence imposed, even if erroneous, was not in excess of its power.

"See Shaw v. Utecht, 232 Minn. 82; 43 N. W. 2d, 781."

The trial court was correct in denying the petition. The proceedings at the time petitioner was sentenced appear to have been valid in every respect. The basis of his claim for the writ is that the court's expression in his sentence "as punishment for the crime of Burglary in the Third Degree * * * and as punishment for the former convictions of felony" (also used in connection with the sentence imposed for assault in the second degree) constituted a second punishment for the prior felony convictions. The sentence imposed was not in excess of the term authorized under our statutes. Under § 610.29, a person who has been three times convicted of felonies here or in any other state may be punished upon conviction of a fourth felony here by imprisonment for not less than twice the shortest term prescribed for such felony, the maximum term being life imprisonment. Under § 621.10, the penalty for burglary in the third degree, to which

petitioner pleaded guilty, is imprisonment for not more than 5 years. Under § 619.38, the penalty for assault in the second degree, to which he also pleaded guilty, is likewise imprisonment for not more than 5 years or, in the alternative, a specified fine, or both. In addition, after petitioner's plea of guilty to the four prior felony convictions, the court had authority to impose any sentence up to life imprisonment upon him.

The fact that in imposing sentence the language described was used would not invalidate such sentence. In Shaw v. Utecht, 232 Minn. 82, 89, 43 N. W. (2d) 781, 785, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627, cited by the trial court herein, where similar language was used in imposing sentence, this court stated:

"* * * As we have repeatedly held, the increased punishment for a felony prescribed * * * is not punishment for the *prior* offense, but punishment for the *last* offense only. Willoughby v. Utecht, 223 Minn. 572, 579, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239; State v. Zywicki, [175 Minn. 508, 221 N. W. 900]. Although the sentence imposed here, after reciting petitioner's conviction of the crime of robbery in the first degree by the verdict of the jury and his previous convictions of the two prior felonies, does state that 'it is the judgment of the court that as punishment *for those crimes* that you be sentenced * * *,' the use of the words 'for those crimes' was, in our opinion, merely an error and irregularity not rendering the sentence void. * * * Clearly, the trial court had jurisdiction of both the person of petitioner and the subject matter, and the sentence imposed, even if erroneous, was not in excess of its power. Where, as here, it clearly appears from the sentence as a whole and from the record of the trial court's proceedings that the error in the sentence is merely in form and not in substance, it does not render the sentence void or subject it to collateral attack by habeas corpus. See, State ex rel. Kelly v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L. R. A. (N. S.) 978, Ann. Cas. 1914A, 1248; State ex rel. Hull v. Wolfer, 68 Minn. 465, 71 N. W. 681.

"* * * In State ex rel. Petcoff v. Reed, 138 Minn. 465, 467, 163

N. W. 984, 985, we adopted the rule that 'an indeterminate sentence, imposed under a law authorizing such sentences, is a sentence for the maximum term prescribed for the offense committed, coupled with a provision which permits but does not require an earlier release; that, as an earlier release cannot be demanded as of right, the sentence necessarily operates as a sentence for the maximum term.' "

Upon the applicable statutes and authorities cited above, the order appealed from is affirmed.

Affirmed.